Dummer vs. The Milwaukee Electric Railway & Light Co.

Bardeen, J., took no part.

DUMMER, Respondent, vs. The Milwaukee Electric Railway & Light Company, Appellant.

*December 12, 1900 — January 8, 1901.*

*Street railways: Injury to person crossing track: Failure to look for approaching car: Court and jury: Instructions: Special verdict: Setting aside findings: Judgment: Appeal.*

1. Plaintiff was injured while crossing the tracks of defendant's electric street railway by a car striking the wagon on which he was riding. It was admitted on the trial and found in the special verdict that neither he nor the driver of the wagon looked in that direction to see whether a car was approaching, before starting to cross the track. *Held*, as matter of law, that he was guilty of contributory negligence, notwithstanding a finding of the jury to the contrary.

2. It was error, in such case, to instruct the jury that, even if neither plaintiff nor the driver looked, still they were not guilty of contributory negligence if a person exercising ordinary care who had looked would have considered it safe to cross the track because the car was so far away.

3. The rule that if plaintiff was placed in a situation of danger by defendant's negligence, and was compelled to choose one of several lines of action in the presence of imminent danger, the fact that he did not choose the best means of escape does not charge him with negligence, is not applicable to a case where plaintiff, by his own negligence, had placed himself in the position of danger.

4. Where no motion was made in the trial court to strike out findings in the special verdict which were contrary to the undisputed evidence, and for judgment on the verdict, this court will not direct judgment but will order a new trial.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Reversed.*

This is an action for personal injuries. The facts shown in the evidence were as follows:

State street, in the city of Milwaukee, is a public highway running east and west, upon which the defendant company operates double railway tracks, the cars being propelled by electricity. The roadway of the street is about forty feet wide between the curbstones, the car tracks being in the center of the street, and there being a distance of about thirteen feet from the outside track to the curbstone upon each side. Thirteenth and Fourteenth streets are north and south streets, which cross State street at right angles and one block apart. Between Thirteenth and Fourteenth streets there is also an eighteen-foot alley running north and south and crossing State street at right angles. The center of the alley is 166 feet west of Thirteenth street.

On the 28th of May, 1898, the plaintiff, a man aged thirty-eight years, was riding on a wagon loaded with two large sticks of timber forty feet long; the wagon being drawn by one horse, and the front and rear axles thereof being about twenty-six feet apart. The plaintiff sat on one of the timbers about two feet forward from the hind axle; and the driver, one Jacob Freuh, sat upon the front part of the wagon. In this condition the teamster drove south on Thirteenth street to State street, and then turned west on

State street, and drove on the south side of the railway tracks. His purpose was to enter the alley between Thirteenth and Fourteenth streets on the north side of State street. As the teamster approached the alley, they saw a car approaching from the west on the south track of State street, and the teamster stopped, and waited, and let the car pass. Immediately after the passage of the eastbound car, he turned his horse north, making a semicircle, in order to drive into the alley, and the horse proceeded at the usual gait across both lines of railway track, and was about to enter the alley, when one of the defendant's cars coming from the east ran into the wagon about twenty-three feet from the front end of the timber, turning the wagon over, and shoving it ten feet or so west, and injuring the plaintiff. The accident happened at noon, and the rails of the railway track were dry. The negligence claimed by the plaintiff was the excessive speed of the car and that no warning was given by the motorman.

The jury rendered the following special verdict: "(1) Was plaintiff injured on May 28, 1898, on State street, between Thirteenth and Fourteenth streets, by a collision between the wagon he was riding upon and one of the defendant's cars? *By the Court:* Yes. (2) Was the motorman of defendant's car guilty of a want of ordinary care which proximately caused plaintiff's injury? Yes. (3) Did the teamster, Jacob Freuh, look to the east, to ascertain whether or not a car was approaching, before driving north upon defendant's tracks? *By the Court:* No. (4) Did plaintiff look to the east for an approaching car before starting north across defendant's tracks? *By the Court:* No. (5) Was the teamster, Jacob Freuh, guilty of a want of ordinary care which proximately contributed to the injury? No. (6) Was the plaintiff guilty of a want of ordinary care which proximately contributed to the injury? No. (7) If the court should be of the opinion that plaintiff is entitled to recover, at what sum do you assess his damages? $3,733."

The court rendered judgment for the plaintiff upon this verdict, and the defendant appeals.

For the appellant there was a brief by *Spooner, Rosecrantz & Spooner*, and oral argument by *C. M. Rosecrantz*.

For the respondent there was a brief by *O'Connor, Hammel & Schmitz*, and oral argument by *A. J. Schmitz*.

WINSLOW, J.    Whatever difference of opinion there may be upon the subject as an original proposition, it is now firmly settled as a part of the law of this state that it is the duty of a person approaching the track of an electric street railway, whether he be walking or riding in a vehicle, to look and listen for approaching cars; and that if he fails to do so, and is injured by a car while crossing the track, he is guilty of contributory negligence as matter of law.    *Cawley v. La Crosse City R. Co.* 101 Wis. 145; *Ryan v. La Crosse City R. Co.*, ante, p. 122; *Wills v. Ashland L., P. & S. R. Co.*, ante, p. 255.    This conclusion seems also to have the weight of judicial opinion in other states in its favor.    Booth, St. Ry. Law, §§ 312, 315.

This legal proposition necessitates reversal of this case, because it was admitted upon the trial and found by the jury that neither the plaintiff nor the driver of the wagon looked eastward before they started to cross the defendant's track.    It is true that the jury found, in answer to questions 5 and 6 of the special verdict, that neither the plaintiff nor the driver was guilty of contributory negligence; but, the fact that they failed to look and listen having been admitted and previously found, contributory negligence was thereby established as matter of law, and the question was no longer open.

Furthermore, manifest error was. committed by the court in its charge with reference to the last-named question.    The court charged, in substance, that, even if they did not look, still they were not guilty of contributory negligence if a

person exercising ordinary care who had looked would have considered it safe to cross the track because the car was so far east; and, further, that if the plaintiff and the driver were placed in a situation of danger by defendant's negligence, and were compelled to choose one of several lines of action in the presence of imminent danger, the fact that they did not choose the best means of escape does not charge them with negligence. Both of these propositions are erroneous; the first, because it emasculates the rule requiring a person about to cross a railway track to look and listen, and the second because it is not applicable to a case where the plaintiff, by his own negligence, has placed himself in a position of danger.

As there was no motion by defendant in the trial court to strike out the fifth and sixth findings and for judgment upon the verdict, this court will not direct judgment but will order a new trial. *Conroy v. C., St. P., M. & O. R. Co.* 96 Wis. 243.

*By the Court.*— Judgment reversed, and action remanded for a new trial.

BARDEEN, J., took no part.