## WILLIAM ANDERSON v. JAMES C. DAVIS, ETC.[1]

March 17, 1922.

No. 22,678.

**Negligence of motor driver at railroad crossing.**

1. Stopping an automobile upon a railway track at a highway crossing, from which a train cannot be seen until within 600 feet of the crossing, without any necessity for doing so, is negligence.

**Contributory negligence not excused by sudden danger.**

2. The rule that a person suddenly confronted by an impending danger is not chargeable with negligence for placing himself in a position of greater danger in his attempt to escape, does not absolve him from the charge of negligence where his own negligent act exposed him to the peril.

[1]Reported in 187 N. W. 224.

Action in the district court for Carlton county to recover $4,840 for injuries to plaintiff's automobile and person caused by collision with defendant's train. The case was tried before Magney, J., who when plaintiff rested denied defendant's motion to dismiss the action and at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $4,961. From an order denying its motion for judgment notwithstanding the verdict and granting a new trial unless plaintiff consented to a reduction of the verdict to $3,000, defendant appealed. Reversed and judgment for defendant given.

*M. L. Countryman* and *Baldwin, Baldwin, Holmes & Mayall*, for appellant.

*John Jenswold* and *John D. Jenswold*, for respondent.

TAYLOR, C.

On August 5, 1919, while the Great Northern Railway was under Federal control, one of its passenger trains collided with plaintiff's automobile at a grade crossing within the limits of the city of Cloquet, but outside the built up portion of the city, injuring plaintiff and damaging his automobile. Plaintiff sued for damages and recovered a verdict. Defendant made a motion for judgment notwithstanding the verdict or for a new trial, and appeals from an order denying the motion.

The Great Northern Railway has a double track which crosses the highway at nearly a right angle at the place of the accident. The tracks are about 15 feet apart from center to center. The southerly track is used by eastbound trains; the northerly by westbound trains. The Northern Pacific Railway has a track which crosses the highway about 40 feet north of the northerly Great Northern track. The Great Northern tracks curve through a cut some five or six hundred feet east of the crossing, and a train coming from the east is not visible at the crossing until it emerges from this cut. Plaintiff worked in a paper mill near Cloquet, but resided on a farm some

12 miles from the paper mill and drove to and from his work in a Ford automobile. He had driven over this road and this crossing daily for more than three months and was perfectly familiar with it. He also knew that a Great Northern passenger train went west daily at about the hour of the accident. The employes of the paper mill worked in three "shifts." At the time of the accident, plaintiff was in the shift which began work at 4 o'clock in the afternoon, and the accident happened shortly before that hour. Plaintiff approached the railroad from the south. As he was approaching it, he saw some sectionmen at work near the crossing, and a handcar which had been placed on the west side of the highway south of the tracks. When he was 45 or 50 feet from the track a man standing by the handcar held up his hand, which plaintiff took as a signal that this man, although a stranger, wished to speak to him. He had ample time and room to stop before reaching the tracks, but drove onto the south track and then stopped, but left his engine running. Before turning to the man who had given the signal, he looked to the east again and saw a locomotive coming out of the cut five or six hundred feet away. He says he waited a second or two to see whether the train was on a Great Northern track or the Northern Pacific track, and seeing it was on a Great Northern track he started his car and passed from the south track to the north track where he was struck by the locomotive which was going west on the north track. He says that he knew that eastbound trains ran on one track and westbound on the other, but did not know on which track the westbound trains ran. He says that the train was within 250 or 300 feet of the crossing when he started his car, and why he did not see that the train was on the north track and realize that by starting forward he was putting himself directly in front of it is difficult to understand. If he had remained on the south track he could not have been injured by this train.

Defendant contends that plaintiff's own testimony conclusively shows that he was guilty of contributory negligence in stopping on one track and then attempting to cross the other track directly in front of a train which he estimated as coming at a rate of 40 miles per hour.

Plaintiff's counsel says in his brief:

"Ordinarily it could not be seriously contended that the purpose-less act of stopping upon a railroad crossing was not of itself contributory negligence of the grossest character."

We fully concur in this statement. A railroad crossing is a place of danger, and is in itself a warning of danger. To stop an automobile upon a railroad track deliberately and unnecessarily, especially where the view is so obstructed that the driver cannot see a train until it is within 600 feet of him, is negligence beyond all question. At 30 miles an hour a train would cover that distance in less than a quarter of a minute, and many trains run much faster than that.

Plaintiff's counsel seeks to explain and excuse plaintiff's conduct in stopping on the track on the theory that the signal given by the man at the handcar was an assurance of safety and an invitation to stop. This signal by holding up a hand, even if not given as a warning but to indicate a desire to speak, as understood by plaintiff, was given in ample time for plaintiff to stop before reaching the track and cannot be deemed an invitation to stop on the track. If plaintiff had stopped when he reached the handcar he would have been in a place of safety.

Plaintiff's counsel seeks to avoid the imputation of negligence, which would ordinarily arise from the fact that plaintiff drove directly into the path of the oncoming train, on the ground that plaintiff suddenly found himself in a position of apparently imminent peril, and for that reason is not chargeable with negligence if, in trying to escape, he, in his excitement, placed himself in a more dangerous position.

It is well settled that where a person, placed in a position of danger by the negligence of another, and suddenly confronted by an imminent peril, makes an attempt to escape, he is not chargeable with negligence if, in his excitement and confusion, he in fact places himself in a position of greater peril. But this rule does not apply where a person's own negligence has put him in a position of danger. If he is in the place of danger as a result of his own negligence, he cannot invoke this rule to escape the consequences of such negli-

gence. In order to bring him within the rule, the emergency which required him to act must not have been brought about, in whole or in part, by his own fault. Gallagher v. Northern Pacific Ry. Co. 94 Minn. 64, 101 N. W. 942; Richfield v. Michigan Cent. Ry. Co. 110 Mich. 406, 68 N. W. 218; Haetsch v. Chicago & N. W. Ry. Co. 87 Wis. 304, 58 N. W. 393; Dummer v. Milwaukee Elec. R. & L. Co. 108 Wis. 589, 84 N. W. 853; South Chicago City Ry. Co. v. Kinnare, 216 Ill. 451, 75 N. E. 179; Aiken v. Pennsylvania Ry. Co. 130 Pa. St. 380, 18 Atl. 619, 17 Am. St. 775; Peck v. New York, N. H. & H. R. Co. 50 Conn. 379; Briscoe v. Southern Ry. Co. 103 Ga. 224, 28 S. E. 638; Rundgren v. Boston & Northern St. Ry. Co. 201 Mass. 156, 87 N. E. 189; Smith's Admr. v. Norfolk & W. Ry. Co. 107 Va. 725, 60 S. E. 56; Chesapeake & Ohio Ry. Co. v. Hall's Admr. 109 Va. 296, 63 S. E. 1007; Chattanooga Elec. Ry. Co. v. Cooper, 109 Tenn. 308, 70 S. W. 72.

On the undisputed facts as given by plaintiff himself, he was clearly guilty of contributory negligence. The order is reversed and judgment will be given for defendant.