## CLARENCE DENTINGER v. IVAR ULEBERG.[1]

### April 8, 1927.

### No. 25,875.

**Questions for the jury.**

1. Plaintiff, riding a bicycle, was injured by defendant's automobile driven by his son. The negligence of the latter as well as the contributory negligence of the former were, upon this record, for the jury.

**Error to submit to jury question of recovery for lost time.**

2. Upon proper objections there could be no recovery for medical attention, or hospital expenses, or lost time. And, in any view, it was error to submit the last item to the jury, for there was no evidence as to the wages of plaintiff.

**Law of the road incorrectly given.**

3. The law of the road relating to passing vehicles was not correctly given.

[1]Reported in 213 N. W. 377.

**Rule in respect to care required in emergency.**

4. Neither was the rule in respect to the care required when confronted with a sudden peril or emergency.

**Definitions given jury were prejudicial.**

5. In view of the facts presented the definitions of negligence and contributory negligence in connection with that of proximate cause were confusing and prejudicial.

Motor Vehicles, 28 Cyc. p. 49 n. 46, 47, 49.
Negligence, 29 Cyc. p. 434 n. 32; p. 649 n. 87; p. 651 n. 6.
Parent and Child, 29 Cyc. p. 1652 n. 86 New; p. 1653 n. 99 New.

See note in 37 L. R. A. (N. S.) 43; 20 R. C. L. 134 et seq.; 4 R. C. L. Supp. 1338; 5 R. C. L. Supp. 1081; 6 R. C. L. Supp. 1193.

Defendant appealed from an order of the district court for Blue Earth county, Comstock, J., denying his alternative motion for judgment or a new trial after a verdict in favor of the plaintiff. Reversed and a new trial granted.

*C. J. Laurisch*, for appellant.

*John E. Regan* and *B. D. Grogan*, for respondent.

HOLT, J.

Defendant appeals from the order denying his alternative motion for judgment non obstante or a new trial, after verdict in favor of plaintiff for injuries received when run into by defendant's son driving the family automobile upon one of the main streets of Mankato, plaintiff at the time riding a bicycle.

Since errors in the charge require a new trial, no good purpose can be served by detailing the facts. It is enough to say that the negligence of defendant's son, the driver of the automobile, was clearly for the jury, also the contributory negligence of plaintiff, so that defendant was not entitled to judgment non obstante.

The court instructed the jury that defendant was responsible for the negligent operation of the car by the son. We are not agreed that the evidence, including as it does a statement in defendant's testimony that his wife, he being away from home, had forbidden

the son the use of the car on the trip in question, warranted the court in taking the issue from the jury. But on this matter the evidence may not be the same in another trial. No inquiry was made of the son upon this subject, nor was the mother a witness.

Special damages because of required medical treatment and hospital expenses were pleaded, and evidence as to the amount received over defendant's objection. Plaintiff was a minor, 18 years old, a member of his father's family. The father was liable for these expenses and had the right to recover from the one responsible for the son's injury. But no motion was made to strike these damages from the pleading, and it is doubtful whether the objections at the trial revealed to the court the real ground thereto. However, the court not only submitted those items as proper damages, if there was a recovery, but also instructed the jury to include "a fair measure of the value of any time lost by him up to the time of this trial." This action is solely for the benefit of the son. No part of the recovery goes to the father. Lathrop v. Schutte, 61 Minn. 196, 63 N. W. 493. The father was the one entitled to sue for the lost time. He was entitled to the wages, unless the son was emancipated. There was nothing to indicate that he had been. Bamka v. C. St. P. M. & O. R. Co. 61 Minn. 549, 63 N. W. 1116, 52 Am. St. 618. There was also an insuperable objection to the submission of recovery for lost time, for, although it appears that plaintiff was returning from work, there was no testimony as to what his wages were, or his earning abilities.

We are also of the opinion that it is not an inflexible rule, as charged by the court, that the driver of a vehicle, in passing another vehicle moving in the same direction, has no right to drive upon any part of the roadway to the left of the center line.

Defendant's son contended that he was suddenly confronted by a perilous emergency when another automobile, on the east side of the street, turned around in the middle thereof and swung in ahead on the west side so close that to avoid a collision therewith he had to swing over to the left beyond the center line of the street. The learned trial court attempted to charge the jury as to the care required of a person in a situation of that sort. It is not necessary to

set out the language used. It is enough to say that it was not helpful and furnished no proper guide to the jury. Where a person's own negligence creates the peril suddenly confronting him, he may not escape liability by urging the excuse that in an emergency the law does not require one to choose the best way of escape. That rule is only applicable to the one who is by the negligent act of another placed in a position where quick action appears necessary to avert imminent injury to oneself or another. Many cases are cited in Anderson v. Davis, 151 Minn. 454, 187 N. W. 224, touching this subject.

In some instances contributory negligence was, in substance, correctly defined in the charge, but in others the language was so involved, especially as given in connection with a definition of proximate cause, that the result must have been to seriously confuse the jury. For instance, just after stating that, in considering the negligence charged against defendant's son as well as the contributory negligence of which plaintiff was accused, the jury would be called on to determine whether, if any such negligence was proved, it was the proximate cause of the accident, then the charge proceeds: "So then a proximate cause in the law is a direct and immediate cause, a cause which produces the result of which complaint is made, of itself, alone and without any other force or cause coming in and intervening which itself is capable of producing the cause or effect of which complaint is made. A proximate cause, in brief, is a direct and immediate cause, which of itself produces the result complained of, without some other cause coming in or intervening to participate in the result complained of." This statement of the law if attempted to be applied by the jury without further reference to the issues of fact could not help but be misleading and to the prejudice of both parties, perhaps, and certainly to defendant. For, the jury would conclude that unless defendant could prove that plaintiff's negligence was the sole cause of the accident a defense was not made out, and as to plaintiff's cause of action it would mean that defendant's negligence must be shown likewise to be the sole cause of his injuries. Neither of which propositions is correct, for, as to the first, even if defendant's negligence is proven a proximate cause,

with or without the negligence of third parties therein participating, still if plaintiff's failure to exercise the care of the ordinarily prudent person is also shown to be a contributory proximate cause in any degree a recovery is defeated. So also, in this instance, if the negligence of the driver of the car who turned in in front of defendant's son, in the middle of the block, together with the negligence of the latter joined as a proximate cause of plaintiff's injury, without any fault on his part, there should be a recovery. Therefore, in the situation here presented the instructions excepted to were misleading and prejudicial; and in the interest of justice a new trial should be had. We think other errors assigned need not be discussed as they are not likely to occur in another trial.

The order, in so far as a new trial was denied, is reversed and a new trial is granted.