## CORA B. E. ZOBEL v. MORTIMER H. BOUTELLE AND OTHERS.[1]

September 25, 1931.

No. 28,583.

[1]Reported in 238 N. W. 49.

*Cobb, Hoke, Benson, Krause & Faegre,* for appellant.

*Tautges, Wilder & McDonald, Thompson, Hessian & Fletcher,* and *John J. McKasy,* for respondent.

Holt, J.

Plaintiff recovered a verdict of $16,300 against appellant for injuries received in an automobile accident. Appellant's motion for a new trial was granted unless plaintiff consented to a reduction of the verdict to $12,000. The consent was duly given, and so defendant's motion in effect resulted in a denial of a new trial, and he appeals.

A brief statement of the facts connected with plaintiff's injuries should be made. On June 20, 1929, at about noon, plaintiff was riding in the rear seat of an automobile being driven by Mrs. Baker, one of the defendants, at a moderate speed north on paved highway No. 27, a short distance south of Fort Ripley. The appellant, driving an automobile in the same direction, overtook the car in which plaintiff was riding and undertook to pass. His version is that Mrs. Baker's car was straddling the center line of the pavement; that he sounded the horn several times to notify her of his desire to pass; that she kept on straddling the center; that he then attempted to pass by running the left wheels of his car upon the shoulder of the highway, which appeared firm; that he felt the shoulder less firm than he expected and swung back onto the pavement; that as he passed Mrs. Baker's car he heard a click, and, on learning from one of his companions that the Baker car left the road, he stopped and found that the latter had crossed the three-foot ditch to the east of the pavement, had traveled a short distance along the railroad right of way, and had come to rest in a precarious position along the road ditch, with plaintiff down between the seats. Mrs. Baker and the occupants of her car, as well as two persons who happened to be within 100 feet or so of the mishap, deny that any horn was sounded. And plaintiff, Mrs. Baker, and

another adult woman sitting in the front seat testified that Mrs. Baker's car was to the right of the center line of the pavement when it was struck by appellant's car and had been so driven right along. Appellant does not claim that he traveled more than two or three car lengths upon the shoulder of the roadway, an ·insufficient distance in which to pass a car traveling in the same direction he was going, even if it went as slowly as he claims, viz. 25 miles an hour.

The injuries plaintiff suffered need not be described, for the amount of the verdict is not challenged on this record, that is,. if appellant did not make a sufficient showing of newly discovered evidence which, on a new trial, would make for a smaller verdict. Nor does appellant contend that the·evidence does not sustain a recovery for plaintiff. But it is claimed that the trial court gave a prejudicial statement in defining the issues to the jury; that it erred in refusing to submit an instruction on the subject of conduct in a case of emergency; and that there was abuse of judicial discretion in not granting a new trial on the ground of newly discovered 'evidence. These three assignments of error will be considered in the order named.

■ The court in stating the claims of the parties, as made by the testimony adduced, said of plaintiff:

"She claims that the defendant Boutelle is responsible on account of the negligence which she claims he was guilty of at the time. She does not claim that the driver of the car in which she was riding was negligent; but that driver and her husband are defendants in the case because there is some testimony in the case, though not coming from the plaintiff, tending to show that their conduct might have had something to do with the collision which occurred."

Appellant claims prejudice because the Bakers, codefendants, charged in the complaint with many and serious acts of negligence, were eliminated by the court, thus placing the blame upon appellant. The Bakers are not made parties to this appeal but were in the case when the charge was given and were clearly entitled to the statement made by the court. In fact, upon the testimony of

plaintiff and of the witnesses called by her, excluding that of appellant when called for cross-examination, we think defendants Baker ought to have had a directed verdict. One defendant cannot assert prejudice because a part of the charge states correctly what the evidence is as to a codefendant. And even if this challenged statement had been erroneous, it related solely to plaintiff's cause of action against the Bakers, of which appellant cannot complain. Merrill v. St. Paul City Ry. Co. 170 Minn. 332, 212 N. W. 533. Appellant perhaps does not controvert what has just been stated, but he says the word "claim" used by the court was misleading and ambiguous. If it referred to her complaint, the court was wholly in error. If it referred to the evidence adduced by her, it was correct. This does not furnish ground for a reversal. If appellant deemed the word used by the court ambiguous, the attention of the court should have been directed thereto before the jury retired. This he did not do, and it is now too late. 6 Dunnell, Minn. Dig. (2 ed. & Supp.) § 9798. We think however the word "claim" could not have been understood in any other way than what the evidence adduced by plaintiff showed. The court had observed the rule and did not recite what the pleadings charged. The issues were being defined as the proof of the parties left them, and, we think, correctly so.

■ Appellant requested an instruction relative to conduct when confronted with a sudden peril or emergency. The instruction is conceded not correct, but appellant made an oral request at the close of the charge for an instruction upon that subject. Apart from the fact that it was not timely and perhaps inaccurate, we think the evidence did not call for an instruction of that sort. Appellant knew that Mrs. Baker did not yield him the right of way; it is immaterial for what reason. She never deviated from the course she was driving so far as her position to the center line of the pavement was concerned, so her conduct did not create a sudden peril for defendant. He saw the condition of the shoulder when he concluded to drive upon it in order to pass. If he found that shoulder not as firm as expected, he by his voluntary act had placed himself in that emergency. "In order to bring him within the rule,

the emergency which required him to act must not have been brought about, in whole or in part, by his own fault." Anderson v. Davis, 151 Minn. 454, 458, 187 N. W. 224, 225; Dentinger v. Uleberg, 171 Minn. 81, 213 N. W. 377. We do not sustain the second assignment of error.

■ The showing of newly discovered evidence is unusually vague, appellant's affidavit stating "that since the trial this defendant has learned from sources of information believed by this defendant to be entirely reliable but which, for the time being at least, this defendant is not at liberty to disclose, that plaintiff has stated to several persons that she was troubled with severe and somewhat disabling pain in the back and partial and intermittent paralysis in both legs for many years immediately preceding the accident in question." Then it states that for these ailments she received treatment from certain named osteopaths and one chiropractor. The affidavits of the persons named and of others refuted appellant's showing so fully that we do not understand appellant to claim that upon the showing made there was an abuse of discretion in denying a new trial on the ground of newly discovered evidence. But appellant does assert that it appears from the memorandum of the court accompanying the order denying a new trial that the court refused to consider the affidavits regarding newly discovered evidence.

We think appellant has wholly misconstrued the memorandum. What troubled the court was the size of the verdict. It was deemed a proper case for reduction, and the court conceived it necessary in ordering a reduction to consider only the testimony given at the trial and not that contained in affidavits produced pro and con of newly discovered evidence. Some of the affidavits for plaintiff covered time after the trial and indicated more severe injuries than shown on the trial, and the court desired to make it clear that these affidavits played no part in determining the amount in which the verdict was reduced. We have no doubt that upon the question of a new trial on the ground of newly discovered evidence the court considered all the affidavits filed by both parties to this appeal.

The order is affirmed.