## JARVIS v. BOSTIC.

### No. 6439.

United States Court of Appeals for the District of Columbia.

Argued Oct. 16, 1935.

Decided Nov. 4, 1935.

832

W. C. Hueston and Benjamin L. Gaskins, both of Washington, D. C., for appellant.

Armond W. Scott and Elwood G. Hubert, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

ROBB, Associate Justice.

Appeal from a judgment in the Supreme Court of the District in an action for damages for personal injuries sustained by appellee while a passenger in appellant's automobile.

It was alleged in the declaration, and the evidence tended to sustain the allegation, that appellant's chauffeur was driving the automobile at such an excessive rate of speed that in order to avoid collision with the car ahead, which was crossing an intersection, he applied the brakes so suddenly that the car skidded and went over the side of the highway embankment.

Appellant offered a prayer to the effect that appellant was not negligent if the jury believed that the driver of the car containing appellee "found himself confronted with a sudden emergency caused by the unexpected stopping of the car in front of him and that he did not have time to determine with certainty the best course to pursue, and that he acted with such care as an ordinarily prudent man would have exercised when confronted by a like emergency even though another course of conduct would have been more judicious or safer, even have avoided the injury." To the denial of this prayer, appellant noted an exception.

In the charge to the jury the court said: "As I understand, the real question here is: It deals with the car of the defense; that the driver of the car which went over the bank was following another car. * * * Now, I will tell you that it is for you to determine what a reasonable person, driving that second car, would have done under the circumstances. It is for you to say whether or not a reasonably prudent person, driving into an arterial highway, immediately following another car, would have driven it so slowly and kept such a careful lookout that he could stop without danger of causing injury, no matter how suddenly and unexpectedly the car in front stopped. * * * It is for you to determine what a reasonably prudent person, under the circumstances, would do in driving the car. If you believe he did not drive the car in a reasonable and prudent way, it would be negligence."

The charge as given was a correct statement of the law. Paxson v. Davis, 62 App. D. C. 146, 65 F.(2d) 492. The evidence tended to show that the so-called "sudden emergency" was the result of the negligence of appellant's chauffeur in driving the car at too great a rate of speed. In other words, it was an emergency created by his own negligence. Dentinger v. Uleberg, 171 Minn. 81, 213 N. W. 377. The court below, therefore, properly denied the above prayer.

The evidence tended to show that appellee was quite seriously injured and that she had expended over $700 for doctor's bills and other incidental expenses. The jury assessed the damages at $1,500. No contention was made at the trial that this award was excessive, but in the motion for a new trial it was so contended. It is settled law that the denial of a motion for a new trial is not assignable as error. Concrete Oil Tank Co. v. Menefee, 61 App. D. C. 63, 57 F.(2d) 429; Landrum v. United States, 62 App. D. C. 18, 63 F.(2d) 990.

Judgment affirmed.

Affirmed.