MICHAEL NICHOLAS v. MINNESOTA MILK COMPANY
AND ANOTHER.[1]

May 1, 1942.

No. 33,003.

[1]Reported in 4 N. W. (2d) 84.

*Bundlie, Kelley & Finley,* for appellants.
*Frank E. McAllister,* for respondent.

STONE, JUSTICE.

On the morning of November 27, 1940, defendant Rosenberger, in the course of his employment by defendant Minnesota Milk Company, was driving its truck north on Ruth street approaching Nokomis avenue in St. Paul. Plaintiff was walking the street in the same direction. The street lamps had been turned off, but it was still dark. In the suburban block where the accident occurred there was no sidewalk on either side of the street.

Plaintiff's testimony is that immediately before the accident he was walking about a car's width to the right of the center of the road. He first was aware of Rosenberger's approach when the headlights illuminated the snow. Turning, he saw the truck about 20 feet away, approaching on the right side of the roadway at about 20 miles per hour. He jumped to his right and stood facing the truck as its front passed safely by him, but he was struck and injured by some part of its right rear side. That is his story. Rosenberger says, and the physical facts make it hard to believe otherwise, that plaintiff was struck by the left side of the truck.

1. Upon all the evidence, in which there is much conflict and uncertainty, there was a serious question of contributory negli-

gence. On this point and as applied to Rosenberger's conduct, the jury was given the emergency rule in the following language:

"What a person does, in an emergency which is not created by his own negligence, is not negligence. A driver may drive in any manner if he is placed in a position of peril, in order to extricate himself from that peril; in order to prevent hitting someone; when placed in the position by the conduct of another person, not through his own conduct; he may drive his car any way to avoid it. That is not what is meant as negligence. Or a pedestrian, if he is placed in a position of peril by the conduct of someone else and not himself, and he does something that normally would be foolish, in order to extricate himself from the position of peril, that is not negligent conduct. The negligence we are speaking of here is failure to do something that one should do, or the doing of something that one should not do, by which he was placed in a position of peril."

This instruction gave the jury an improper standard. Correctly stated, the emergency rule is that "one suddenly confronted by a peril, through no fault of his own, who in the attempt to escape does not choose the best or safest way, should not be held negligent because of such choice unless it was so hazardous that the ordinarily prudent person would not have made it under similar conditions." Johnson v. Townsend, 195 Minn. 107, 110, 261 N. W. 859, 861.

The rule is inapplicable unless it be first determined that there existed a real peril to which the party seeking its protection did not contribute by his own want of care. Naylor v. McDonald, 185 Minn. 518, 241 N. W. 674; Anderson v. Gray, 206 Minn. 367, 288 N. W. 704. Even there, it does not excuse negligence. The rule is but a special application of the general requirement of that degree of care which the circumstances would have dictated to ordinary prudence. It requires a jury to consider the fact of sudden peril as a circumstance in determining the reasonableness of a person's response thereto. Zickrick v. Strathern, 211 Minn. 329,

331, 1 N. W. (2d) 134. This phase of the rule was not adequately explained to the jury. The instruction, as given, was calculated to leave with the jury the too broad impression that, the rule being applicable, plaintiff was justified in employing "foolish" conduct "in order to extricate himself from the position of peril." That was error which requires a new trial.

2. There is such conflict and uncertainty in the evidence that it does not enable anyone to say, without first passing on questions of credibility, where on the roadway plaintiff was walking just before and at the time of the accident. Ruth street is here covered by what is said to be a 24-foot, black top pavement. There are no sidewalks. Taken as a whole, the evidence indicates that plaintiff was walking close to, if not to the right of, the center line. Thereby he was violating Mason St. 1940 Supp. § 2720-207, which enacts this rule:

"Pedestrians when walking along a roadway shall walk near the left side of the roadway, giving way to oncoming traffic."

If plaintiff was violating that statute, he was *prima facie* guilty of negligence. Wojtowicz v. Belden, 211 Minn. 461, 1 N. W. (2d) 409. The jury was not asked to determine, and it is not our province to decide, whether the evidence was such as to give the jury the issue whether plaintiff was so far justified in being on the wrong side of the street that his conduct, *prima facie* negligent under the statute, was otherwise under the circumstances of the moment. Considerable snow had fallen recently. Whether it was in such condition as to justify a pedestrian in walking on the wrong side of the street was an issue not submitted to the jury.

If plaintiff was on the wrong side of the roadway, and conditions underfoot did not justify his being there as matter of due care, his position of peril was the result of his own negligence, and he was not entitled to the benefit of the emergency rule. It would have been otherwise if he had shown conditions which would have enabled the jury to say reasonably that it was due care for him to be where he was.

Plaintiff's conduct, if negligent as matter of law, should not only deprive him of the benefit of the emergency rule, but also require judgment against him. No issue of willful negligence, so-called, was made by the pleadings or submitted to the jury. Because of the ambiguous and confusing state of the evidence concerning conditions which may possibly have been such as to justify a finding that plaintiff's conduct, *prima facie* negligent under the statute, was not negligent in fact, we refrain from ordering judgment for defendants notwithstanding the verdict. Because of error in the charge, there should be a new trial.

Order reversed.

[1]Reported in 3 N. W. (2d) 593.