ALFRED E. TRUDEAU v. SINA CONTRACTING
COMPANY, INC., AND ANOTHER.
ELIZABETH O. TRUDEAU v. SAME.
JEAN N. TRUDEAU v. SAME.[1]

January 22, 1954.

Nos. 36,116, 36,117, 36,118.

[1]Reported in 62 N. W. (2d) 492.

*Carlson & Wiblishauser,* for appellants.

*Carroll & Thorson, Thomas Burke,* and *Joseph Tracy,* for respondents.

NELSON, JUSTICE.

Plaintiffs brought separate actions to recover damages for injuries received as the result of an intersection collision between an automobile owned and driven by plaintiff Alfred E. Trudeau, in which plaintiff Jean N. Trudeau, his wife, and plaintiff Elizabeth O. Trudeau, his mother, were passengers, and a two-ton Ford truck owned by defendant Sina Contracting Company, Inc., and driven by defendant John P. Sinna. The three cases were consolidated for trial below and are now submitted as a single case on appeal. The issues presented by the pleadings and the evidence were submitted to a jury which returned a verdict in favor of the defendants in each case. The plaintiffs each moved for judgment notwithstanding the verdict or for a new trial. The trial court denied the motions and the plaintiffs separately appealed.

The collision occurred on May 25, 1951, at approximately 2 p. m. at the intersection of U. S. arterial highway No. 10, which runs in a general northerly and southerly direction, and state highway No. 100, which runs in a general easterly and westerly direction and becomes a county road east of the intersection. The plaintiff Alfred E. Trudeau was driving his 1949 DeSoto four-door sedan in a northerly direction upon U. S. highway No. 10 approaching the intersection, and the defendant John P. Sinna was driving the 1948 Ford two-ton truck in a westerly direction upon the county road and approaching its intersection with U. S. highway No. 10. The testimony on the part of the plaintiffs indicates that the truck was first seen by them when they were from 100 to 150 feet south of the point of collision, which occurred in the northeast quadrant of the intersection. Defendant Sinna testified that he saw plaintiffs' car when he was about 200 feet east or back from the stop sign on the county road. The stop sign was located about 50 feet east from the east edge of the intersection, and there was a sign warning of an impending stop about 300 feet farther east.

Defendants' truck was equipped with foot brakes and a hand or emergency brake. Defendant Sinna testified that, when he came to within 105 to 110 feet east of the point of impact, he started to apply his foot brakes but found that they went to the floor. Although he pumped his foot brake from 15 to 25 times, the brakes would not operate and he was unable to check his speed of 20 to 25 miles per hour as he went into the intersection. Sinna stated that he attempted to shift into a lower gear in order to retard his speed, also without success. He testified that he made no attempt to apply his emergency brake but that he believed it would have taken him 150 feet to stop the truck at that speed using that brake. Testimony shows that the brake system had been repaired and reconditioned approximately two weeks before the accident.

It is undisputed that the truck failed to come to a stop before entering the arterial highway, U. S. No. 10, and that the front of the Trudeau automobile collided with the left rear of the truck. The result of the impact was to swing the Trudeau car around so that

it faced south and to cause the truck to roll over into a field 76 feet northwest of the point of collision.

Trudeau testified that he became aware of the truck when he was from 100 to 150 feet south of the point of impact, at which time the truck was 150 to 200 feet from the point of impact. He testified that he began to apply his foot brake when his automobile was 100 feet south of the point of impact and traveling from 40 to 50 miles per hour, and was able to slow his speed to about 25 to 30 miles per hour before the impact occurred. He also testified that defendants' truck entered the intersection at a speed of 40 to 50 miles per hour, that highway No. 10 was in a 50-mile-per-hour speed zone at that point, and that he sounded his horn and turned his car slightly to the right before reaching the intersection; but neither party was able to avoid the collision.

Resolving all conflicts in the evidence in favor of the prevailing parties below, the facts appear to be as hereinbefore stated.

The plaintiffs assign as errors (1) the submission of the emergency rule to the jury at the request of the defendants; (2) the denial of plaintiffs' motions for a directed verdict in each case on the ground that defendants were negligent as a matter of law; (3) the denial by the court of the alternative motions for judgment notwithstanding the verdict or for a new trial in each case; and (4) that the verdicts were not justified by the evidence and were contrary to law.

■ Defendants argue that the record shows no exception taken to the charge when the court asked: "Do you have any objections or suggestions that you wish to call to the Court's attention?" and that therefore plaintiff cannot argue on appeal that the submission of the emergency rule to the jury was reversible error. The trial court stated in its memorandum that:

"Plaintiffs' attorneys objected and excepted to the Court's submitting the question of an emergency and of the contributory negligence of the driver of the automobile occupied by plaintiffs. Otherwise they agreed to the charge as given. I do not understand that they have abandoned either of these objections."

However, Rule 51 of the Rules of Civil Procedure in part provides:

"* * * No party may assign as error unintentional misstatements and verbal errors, or omissions in the charge, unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objections. An error in the instructions with respect to fundamental law or controlling principle may be assigned in a motion for a new trial though it was not otherwise called to the attention of the court."

In view of the court's memorandum and the fact that plaintiffs made a motion for a new trial in the alternative which was amended to include their objections to the submission of the emergency rule, it appears that Rule 51 was complied with and that plaintiffs have the right to assign as error the court's giving defendants the benefit of the emergency rule. For the same reasons, the submission by the court of the rules applicable to contributory negligence in respect to the acts and conduct of plaintiff Alfred Trudeau was also properly included under plaintiff's assignments.

■ We are unable to agree with plaintiffs' contention that the submission of the emergency rule to the jury in these cases was error. It has been intimated that the doctrine is limited to cases where plaintiff relies on it to relieve him from the charge of contributory negligence and that it can only be invoked by a plaintiff under such a set of facts, but that is not the generally accepted view of its application. We hold to the view that the doctrine may be equally applicable under proper circumstances when the question is one of negligence on the part of a defendant. 65 C. J. S., Negligence, § 17; Zickrick v. Strathern, 211 Minn. 329, 1 N. W. (2d) 134; Dahlstrom v. Hurtig, 209 Minn. 72, 295 N. W. 508; Eystad v. Stambaugh, 203 Minn. 392, 281 N. W. 526. The existence of an emergency arising without fault on the part of persons sought to be charged with negligence is sufficient to warrant the application of the emergency rule, although the person injured was not in any way responsible for, or connected with, the creation of the emergency. In order to invoke the emergency doctrine to protect a defendant from liability, it is not necessary that the emergency arise through some

fault of the plaintiff, but nevertheless, before the doctrine of acts in an emergency can apply, there must be an emergency of some kind which the actor could not reasonably have anticipated. 65 C. J. S., Negligence, § 17.

The so-called emergency rule is but a special application of the general standard of reasonable care. When given, it requires a jury to consider the fact of sudden peril as a circumstance in determining the reasonableness of a person's response thereto. The rule can only apply if it has first been determined that there existed a real peril and that the negligence of the party seeking to invoke it was not a contributing cause. Prosser, Torts, § 37; Restatement, Torts, § 296.[2]

The trial court in its charge submitted the applicable statutes from the traffic code including M. S. A. 169.67 as to brake requirements and § 169.96 which sets out the prima facie rule, stating that in case of a violation of any of the statutes within the traffic code, such violation would constitute prima facie evidence of negligence but not conclusive evidence of negligence. The trial court stated in the charge that the plaintiffs Jean Trudeau, the wife of Alfred, and Elizabeth, his mother, were not guilty of negligence. The question of whether Alfred Trudeau, the driver of the plaintiffs' car, was himself contributorily negligent in any degree was left to the jury. The court further charged the jury that, if the defendants were in effect negligent and such negligence was the proximate cause of the accident, plaintiffs Jean and Elizabeth Trudeau would be entitled to recover; that, if the jury further found Alfred E. Trudeau free from contributory negligence, he also could recover; but, if the jury found that defendant Sinna was guilty of negligence and Alfred E. Trudeau was guilty of contributory negligence and the negligence of both parties was a proximate cause of the accident, although Jean and Elizabeth Trudeau would be entitled to recover

[2]Zickrick v. Strathern, 211 Minn. 329, 1 N. W. (2d) 134; Naylor v. McDonald, 185 Minn. 518, 241 N. W. 674; Ind v. Bailey, 198 Minn. 217, 269 N. W. 638; Zobel v. Boutelle, 184 Minn. 172, 238 N. W. 49; Anderson v. Gray, 206 Minn. 367, 288 N. W. 704; Dahlstrom v. Hurtig, 209 Minn. 72, 295 N. W. 508; Eystad v. Stambaugh, 203 Minn. 392, 281 N. W. 526.

from defendants, Alfred Trudeau could not recover; and that, if they found the defendant Sinna free from negligence, as a proximate cause, none of the plaintiffs could recover.

While the trial court did not give the emergency rule in the precise language stated in Johnson v. Townsend, 195 Minn. 107, 261 N. W. 859, we believe it was sufficiently stated and the jury was fully advised as to its proper application in the following language:

"* * * if he [referring to defendant Sinna], after finding that these brakes did not work, was negligent in the way he operated or failed to operate his car and such negligence directly and proximately caused or contributed to cause him to proceed into this highway and collision, then his so proceeding was not justifiable or excusable. In other words, he claims that after he discovered the failure of the brakes he took a course which was justifiable or excusable under the circumstances with reference to the direction of his car and his shifting and what he attempted to do, and the plaintiffs deny that.

"Now, as I say, if due to the suddenness of the situation as developed there he took a course which was not necessarily the proper and right course, but was due to an emergency, then he would be justifiable or excusable.

"In other words, where there is an emergency and the one confronted by it has not by his own failure to use ordinary care contributed to bring it about, and where he must act with great suddenness, he is not necessarily negligent if he selects a course of conduct which afterwards proves to have been the wrong one, provided it comes within what a person of ordinary prudence would have done under the same or similar circumstances.

"If he claims justification or excuse the burden is upon him to prove it. This is the emergency that he claims. You will take all of the evidence and decide whether there was an emergency, and then apply the rule which I have given you, if you find that the situation justifies this emergency and sudden peril rule."

Ordinarily the condition of brakes and the manner of their use or application, or the failure to use or apply one or both lines of brakes

when the situation demanded, would constitute actionable negligence if determined to be a proximate cause of the collision. But in the light of the testimony presented here the acts and conduct of defendants constitute prima facie evidence of negligence only and, therefore, a proper issue for jury determination under the charge of the trial court. Schleuder v. Soltow, 239 Minn. 453, 59 N. W. (2d) 320.

It has been said that "A *prima facie* case imports negligence, and explanations are in order." Nees v. Minneapolis St. Ry. Co. 218 Minn. 532, 536, 16 N. W. (2d) 758, 761. The existence of an emergency excusing an act otherwise negligent is, like negligence, ordinarily a question of fact. We do not believe that it can be said here that the defendant John P. Sinna was confronted by an emergency because of his own negligence as a matter of law. Cracolice v. Kramer, 99 Cal. App. (2d) 132, 221 P. (2d) 237. Whether the facts were such as to justify application of the rule, whether defendant Sinna was confronted with the peril of not being able to stop his truck through his own negligence, and whether he acted as a prudent person after being confronted with the emergency were properly submitted to the jury as fact questions. In that respect the question is: Was he, John P. Sinna, in fact confronted with an emergency through no fault of his own? If he was, it was excusable and he would not be negligent. If he was not and the emergency arose through his failure to exercise ordinary and reasonable care, he would be liable for negligence and its consequences if such negligence constituted a proximate cause of the accident. Travis v. Collett, 218 Minn. 592, 17 N. W. (2d) 68; Nees v. Minneapolis St. Ry. Co. *supra;* Anderson v. Gray, *supra;* Anderson v. Davis, 151 Minn. 454, 187 N. W. 224; Dentinger v. Uleberg, 171 Minn. 81, 213 N. W. 377; Zickrick v. Strathern, *supra;* Naylor v. McDonald, *supra;* Ind v. Bailey, *supra;* Zobel v. Boutelle, *supra;* Martin v. Tracy, 187 Minn. 529, 246 N. W. 6; Olson v. D. M. & I. R. Ry. Co. 213 Minn. 106, 5 N. W. (2d) 492; Nicholas v. Minnesota Milk Co. 212 Minn. 333, 4 N. W. (2d) 84.

The violation of a statute may be excusable or justifiable, as, for instance, when an auto without fault of the driver skids to the

wrong side of the street. Martin v. Tracy, *supra,* and cases cited therein.

The charge given by the trial court in the instant cases informed the jury that the emergency rule did not apply unless it was first determined that there existed a real peril to which the defendant Sinna, who was seeking its protection, did not contribute by his own want of care. See, Schiro v. Raymond, 237 Minn. 271, 54 N. W. (2d) 329; Nicholas v. Minnesota Milk Co. *supra.* It cannot be said here that, under the evidence taken as a whole, the defendant John P. Sinna was negligent as a matter of law in failing to discover the condition of the brakes, and it was not necessary for him to establish a legal excuse as a matter of law in order to prevail. If there is substantial evidence of legal excuse for the violation of the statute, the question is for the jury. Since his violation of the statute in the first instance was prima facie, we must then apply the rule that a prima facie case simply means one that prevails in the absence of evidence invalidating it. See, M. S. A. 169.96. Prima facie negligence means that evidence of negligence which, unexplained or uncontradicted and standing alone, appears to be sufficient to establish the fact. In other words, it is evidence which suffices to establish the fact unless rebutted, or until overcome, by other evidence. It is not conclusive but may be contradicted or controlled. Under this rule, although violation of one of the highway statutes in the situation here would establish prima facie negligence on defendant driver's part, it would not be conclusive in establishing negligence upon which a recovery might be had nor even warrant a recovery. In order to warrant a recovery on the part of the plaintiffs against the defendants it must be found from the evidence as a whole that the defendants' negligence was a proximate cause of the accident. If such a finding be justified, then all plaintiffs who were not guilty of contributory negligence as a proximate cause in some degree would be entitled to recover. The jury in these cases undoubtedly found that the defendants were not negligent as a proximate cause and having so found there was nothing further to consider in the case. Under all the facts as they have been presented

by the record, it is our conclusion that the instructions as given by the trial court were fair and generally sufficient and that the court was justified in submitting an instruction relative to an emergency and legal excuse under the circumstances of the occurrence of the collision. Amelsburg v. Lunning, 234 Iowa 852, 14 N. W. (2d) 680, and cases therein cited; 5 Am. Jur., Automobiles, § 252.

The orders of the trial court denying the alternative motions of the plaintiffs for judgment notwithstanding the verdict or for a new trial are sustained.

Affirmed.

MR. JUSTICE KNUTSON took no part in the consideration or decision of this case.

*John M. Prins,* for respondents.

[1]Reported in 62 N. W. (2d) 487.