Kenneth L. JEFFERS and The Stuyvesant Insurance Company, a Corporation, Appellants,

v.

James A. FOSTER and Roy Redman Cunningham, Appellees.

No. 2917.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 29, 1962.

Decided Feb. 13, 1962.

George H. Eggers, Washington, D. C., for appellants.

John F. Gionfriddo, Washington, D. C., for appellee Foster.

Daniel T. Donohoe, Washington, D. C., with whom M. S. Mazzuchi, Washington, D. C., was on the brief, for appellee Cunningham.

Before QUINN, Associate Judge, CAYTON (Chief Judge, retired) sitting by designation under Code § 11–776(b) and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

CAYTON, Judge.

Three motorists heading in the same direction were involved in a collision. It was somewhat gusty, raining very hard, and visibility was at times impaired. Jeffers, in a small foreign-made car, drove into a large, deep puddle on the street and this drowned out his motor and brought his car to a stop. Cunningham, following behind, drove or skidded into the Jeffers' car. Foster struck the Cunningham car. Jeffers sued Cunningham and Foster,[1] and, the case having been decided against him, he appeals.

On the whole evidence the trial court could have found that Cunningham was negligent in one or more ways, but the evidence did not compel such a finding. Jeffers said he had been at a standstill about one or two minutes when he was struck, but other evidence indicated a much shorter interval. He also said he put on his turn-signal to warn drivers behind him, but Cunningham said he saw no brake lights or turn-signal lights. There were other areas in the evidence which presented factual issues as to speed, relative distances, opportunity to see, and the ultimate questions of negligence and proximate cause.

Appellant relies heavily on the rule that as between a motorist ahead and a motorist following, the primary duty to exercise care rests on the motorist following. Conceding that such is the general rule, it does

---

not always require a ruling as a matter of law against a motorist who strikes another from the rear. Cellini v. Moss, 98 U.S.App. D.C. 114, 232 F.2d 371; Price, to Use of National Retailers Mut. Ins. Co. v. Derrickson, D.C.Mun.App., 89 A.2d 231.

Affirmed.

---

1. They filed cross-claims against each other but those claims are not involved in this appeal.

We note that no error has been assigned as to the ruling in favor of Foster.