**Benjamin F. AKERS, Appellant,**

**v.**

**Robert S. TOMLINSON, Appellee.**

**No. 3924.**

District of Columbia Court of Appeals.

Argued July 5, 1966.

Decided Sept. 20, 1966.

2. See D.C.Code 1961, § 29–934f.

3. D.C.Code 1961, § 29–933(b).

James B. Gilbert, Washington, D. C., for appellant.

Patrick J. Attridge, Washington, D. C., with whom Cornelius H. Doherty, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

Appellant (plaintiff below) sued to recover damages resulting from an automobile accident. At the close of all the evidence, the trial court found that the case involved an "emergency situation" and that appellant had not "carried the burden of proving negligence by the preponderance of the evidence."

The record shows that immediately preceding the accident, at least three cars were traveling west on P Street and had stopped for a red light at the intersection of P and Twentieth Streets, Northwest. Appellant was drivng the second vehicle and appellee, the third. When the light turned green, all three proceeded to cross Twentieth Street, and after they had traveled between eighty and one hundred feet, the first driver had to stop because a truck was backing toward him, apparently to park. Appellant stopped his car abruptly but appellee, unable to stop, collided with appellant's car and forced it into the first vehicle. Appellee testified that the speed of his vehicle was fifteen or twenty miles per hour and that he was approximately ten feet behind appellant's car when he noticed the truck for the first time and simultaneously saw appellant stop suddenly.

Appellant relies on Section 33 of Part I of the Traffic and Motor Vehicle Regulations of the District of Columbia,[1] and contends that appellee's speed and following distance required a finding of negligence as a matter of law in view of the fact that a truck was blocking the road. We disagree.

The applicable statutory standard is one of "reasonableness" under the existing road and traffic conditions. If the trial court determined that appellee had no opportunity to observe the truck before he saw appellant stop, it could have found that his speed and distance were reasonable and that the emergency situation was not created by his own negligence. See generally 61 C.J.S. Motor Vehicles, § 526 at 446–447 (1949); Jarvis v. Bostic, 65 App.D.C. 78, 79 F.2d 831 (1935). Furthermore, its finding that appellant had failed to prove that appellee acted negligently after the emergency had arisen is supported by the record.[2]

The question of negligence *vel non* moves from the realm of fact to the realm of law only when but one reasonable con-

---

1. Section 33 provides: "The driver of a vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway."

2. Although the primary duty to avoid a rear end collision, as between a forward and a following driver, rests upon the latter, Jeffers v. Foster, D.C.Mun.App., 177 A.2d 891 (1962); Price to Use of National Retailers Mut. Ins. Co. v. Derrickson, D.C.Mun.App., 89 A.2d 231 (1952), the collision does not necessarily imply negligence on his part. Cellini v. Moss, 98 U.S.App.D.C. 114, 232 F.2d 371 (1956).

clusion can be drawn from all the evidence. Newman v. Eisenberg, D.C.App., 213 A.2d 584 (1965). Since we cannot say that the facts in the instant case inescapably lead to but one reasonable conclusion, the decision of the trial court must be upheld.

Affirmed.