Clara PARELLO, Individually, and as Mother and next friend of Joseph Parello, a minor, Appellants,

v.

Archie C. LOMAX, Appellee.

No. 4475.

District of Columbia Court of Appeals.

Argued Jan. 27, 1969.

Decided May 14, 1969.

Isadore B. Katz, Washington, D. C., for appellants.

R. Harrison Pledger, Jr., Washington, D. C., with whom Charles E. Pledger, Jr., Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and KELLY and GALLAGHER, Associate Judges.

PER CURIAM:

This is an appeal from a judgment for the defendant after a trial without a jury in a personal injury action arising from an automobile accident. Appellant was a passenger in a vehicle being driven by her husband on a street with a heavy accumulation of snow.[1] Appellee was attempting to back from an alley into the same street when his rear wheels became stuck in a depression at the spot where the alley joined the street. There was a collision between the right side of the car in which appellant was riding and the right rear fender of appellee's car. The damage to appellant's car was two relatively slight creases to the body beginning just past the right rear door and extending to the rear wheel. Appellee's car received minor damage to the right rear taillight.

Appellant's testimony was that appellee's car collided with appellant's car while backing out of the alley. Appellee's testimony[2] was that his car was stuck in a depression in the snow near where the alley joined the street and was not moving; and that at this point appellant's car swerved into his right rear, causing the creases on the right rear side of appellant's car. The trial court found no negligence by appellee and entered judgment for him.

The essence of the principal contentions made by appellant is that the trial court's finding of no negligence by appellee was contrary to the weight of the evidence.[3] The evidence and all inferences therefrom must, of course, be viewed in the light most favorable to appellee. Safeway Stores, Inc. v. Leake, D.C.Mun.App., 147 A.2d 439 (1959).

Our review of the record shows the trial court's finding of lack of negligence was supported by substantial evidence and is not clearly erroneous. This is the limit to the scope of our review.[4] The judgment is

Affirmed.

---

1. Clara Parello sued in her personal capacity and as next friend for her infant son, also a passenger, claiming injuries to both of them. She will be referred to singly as "appellant."

2. This consisted of testimony by appellee and a witness to the accident.

3. Appellant also makes several subsidiary arguments, which are without merit and do not warrant discussion.

4. D.C.Code 1967, § 17–305(a); Richardson v. J. C. Flood Co., D.C.App., 190 A.2d 259, 261 (1963).