**Louis A. MONTAGUE, Appellant,**

v.

**Milton Ree HENDERSON, Appellee.**

**No. 79–70.**

District of Columbia Court of Appeals.

Argued Sept. 21, 1979.

Decided Dec. 21, 1979.

Louis A. Montague, pro se.

Robert E. Higdon, Washington, D.C., for appellee.

Before NEBEKER, HARRIS, and PRYOR, Associate Judges.

NEBEKER, Associate Judge:

This is an appeal from a jury verdict for the defendant in a negligence action. The appellant questions the sufficiency of the evidence to sustain a jury finding to the effect that either the defendant was not negligent or that the plaintiff was contributorily negligent. Additionally, he asserts that the trial court erred in submitting the issue of contributory negligence to the jury. We hold that the facts of record fail to

provide a basis to sustain a finding of the plaintiff's contributory negligence and that the trial court erred in submitting this question to the jury. We reverse and remand.

For present purposes we view the evidence most favorable to the appellee. On May 29, 1976, the appellant, Mr. Montague, was driving his car southbound on Connecticut Avenue. While awaiting the change of the traffic signal from red to green at the intersection of "T" Street, N.W., he was struck from behind by a bus driven by the appellee, Mr. Henderson. Subsequently, the appellant brought suit against the appellee in Superior Court for the losses he incurred as a result of this collision. He alleged that the proximate cause of his injuries was the negligent operation of the bus by the appellee. At trial, the appellee, the appellant, and Mr. Hartenstein, the driver of a third car, presented their versions of the collision. The appellee testified that he was driving with reasonable care and that the primary cause of the accident was the negligent driving of a third person, Mr. Hartenstein, and/or the failure of the appellant to move with the flow of traffic when the traffic signal turned from red to green.

The undisputed circumstances of the collision were that for approximately three short blocks, between Kalorama Road and "T" Street, the appellee, in his bus, and Mr. Hartenstein, in his car, switched lanes several times while proceeding southbound on Connecticut. During this period, the appellee stated that he traveled as fast as 15 to 20 miles per hour. Appellee said that when he reached the intersection of Connecticut Avenue and California Place, he saw that the next traffic signal at "T" Street was red. However, according to his testimony, the light was green "when he got to it." The appellee's brief states that the issue of the appellant's contributory negligence was based on whether the appellant "failed to move *promptly* with the flow of traffic." (Brief at 8, emphasis added.) Neither District of Columbia traffic regulations nor cases are cited by the appellee to support his assertion that a motorist has a duty to

move "promptly" when the light turns from red to green. Although the appellant controverts the appellee's testimony that the light was green at the time of the collision, on review we must view the evidence in the light most favorable to the appellee. *Parello v. Lomax*, D.C.App., 253 A.2d 463, 464 (1969).

Ordinarily questions of negligence and contributory negligence are to be resolved by the jury. However, in exceptional cases the finding of negligence or contributory negligence is a question of law to be decided by the court. This situation occurs when undisputed facts, or facts and inferences from them as taken in the light most favorable to the party having the burden of proof on the issue, cannot legally constitute a finding of negligence or contributory negligence. *See Spain v. McNeal*, D.C.App., 337 A.2d 507 (1975); *Singer v. Doyle*, D.C.App., 236 A.2d 436 (1967). In the circumstances presented by this record, we hold that there is no reasonable basis upon which to conclude that a driver can be contributorily negligent when he is stopped at a red light and delays for a short time before proceeding through the intersection when the light turns green. "A green or go signal is not a command to go, but a qualified permission to proceed lawfully and carefully in the direction indicated." 60A C.J.S. *Motor Vehicles* § 360(2)a (1969); *see also Carnes v. Winslow*, 4 Storey 536, 54 Del. 536, 540, 182 A.2d 19, 21 (1962). The law does not place a duty upon a driver to indiscriminately accelerate and move into the intersection upon the change of a light from red to green. A driver entering an intersection has the duty to exercise reasonable care. *D.C. Transit System, Inc. v. Harris*, D.C.App., 284 A.2d 277, 278 (1971). At the most, the evidence in this appeal shows that the appellant did not move "promptly" when the light changed. This showing is not sufficient to legally constitute contributory negligence. "Ordinarily, contributory negligence is a question for the jury, but where there is no basis in the evidence for a finding of contributory negligence, it is error to instruct on the subject and thereby

submit to the jury an issue outside the evidence." *Peake v. Ramsey*, D.C.Mun. App., 43 A.2d 763, 765 (1945).

The appellee argues that this court should not consider error in the trial court's jury instructions since there were no objections raised at trial. Although this is the usual rule, this court may consider such an objection " 'where it is apparent to the appellate court on the face of the record that a miscarriage of justice may occur because counsel has not properly protected his client by timely objection . . ..' " *Barnes v. Wheeler*, D.C.Mun.App., 55 A.2d 83, 85 (1947) (citations omitted); *see also Weisman v. Middleton*, D.C.App., 390 A.2d 996, 1000 (1978). Such unpreserved errors are not noticed in an "ordinary case,"[1] but as we noted in *Barnes* the instruction "clearly misapplied" the relevant law. We conclude that the charge on contributory negligence lacked any basis and thus the concept was clearly misapplied. It is impossible to determine whether the jury found for the appellee on the basis of no negligence on his part or on the basis of the appellant's contributory negligence which would bar his recovery. We cannot allow this verdict to stand when it may be based on evidence which cannot legally constitute contributory negligence.[2]

*Reversed and remanded.*

---

1. *Shimabukuro v. Nagayama*, 78 U.S.App.D.C. 271, 140 F.2d 13, *cert. denied*, 322 U.S. 755, 64 S.Ct. 1270, 88 L.Ed. 1584 (1944).

2. We do not agree with the appellant's contention that the evidence was insufficient to support a finding that the appellee was not negligent. There were several disputed facts at trial which would bear on the appellee's negligence in this case, *e. g.*, whether the streets were wet, the speed of the car, the action of the third party driver, Mr. Hartenstein, etc. "Although the primary duty to avoid a rear end collision, as between a forward and a following driver, rests upon the latter, . . . , the collision does not necessarily imply negligence on his part." *Akers v. Tomlinson*, D.C.App., 222 A.2d 644, 645 n.2 (1966) (citations omitted). Where evidence is such from which either one of two different conclusions may reasonably be drawn the decision of the trial court must stand. The appellate court may not weigh the evidence and overrule the findings, except where it clearly appears that the decision was manifestly wrong. *Palmer v. Garves*, D.C.Mun.App., 123 A.2d 611, 612 (1956).