MARY E. GIERMANN *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY
COMPANY.

November 5, 1889.

**When Court may direct Verdict for Defendant.** — Although the evidence on the part of the plaintiff, standing alone, would justify submitting a case to the jury, yet if, on the whole evidence, the court could not permit a verdict for the plaintiff to stand, it may direct a verdict for the defendant. Following *Abbett* v. *Chicago, Mil. & St. Paul Ry. Co.*, 30 Minn. 482, and *Thompson* v. *Pioneer-Press Co.*, 37 Minn. 285.

Appeal by plaintiff from an order of the district court for Ramsey county, *Wilkin*, J., presiding, refusing a new trial after verdict directed for defendant.

*Berryhill & Davison*, for appellant.

*Flandrau, Squires & Cutcheon*, for respondent.

GILFILLAN, C. J.  This case comes here on a bill of exceptions, from which it appears that when the plaintiff rested, the court denied a motion by defendant to dismiss the action on the ground that plaintiff's evidence did not show a cause of action; and when defendant rested, and the evidence was all in, directed, on defendant's motion, a verdict in favor of the defendant.  No evidence is set out in the bill of exceptions, so that we cannot from a review of it say whether the court was right or wrong in either ruling.  It must be presumed to have been right in both, provided that in a case where the plaintiff's evidence, standing alone, would justify a submission to the jury, the court may nevertheless, when the evidence on both sides is in, direct a verdict for the defendant.  In reason there ought not to be any doubt that it may; for, the evidence on the part of the plaintiff, apparently making out a cause of action, may be so fully and satisfactorily explained away, or so overwhelmed by the evidence on the part of the defendant, as to show that there are no real *bona fide* questions of fact, so that a court could not permit a verdict upon it in favor of the plaintiff to stand.  As said by the court below: "It seems absurd to require a judge to submit a case to the jury with the full

consciousness that, after the verdict is in favor of a particular party, he will be obliged to set it aside." The power of the court to direct a verdict in such cases is fully affirmed in *Abbett* v. *Chicago, Mil. & St. Paul Ry. Co.*, 30 Minn. 482, (16 N. W. Rep. 266,) and *Thompson* v. *Pioneer-Press Co.*, 37 Minn. 285, (33 N. W. Rep. 856.) It is, indeed, a power that, in view of the right to a trial by jury, should be sparingly and cautiously used. That right, however, does not extend to a case where there is no reasonable question as to the facts and the rights of the parties.

Order affirmed.