GEORGE J. REITER AND HELEN REITER v. DONALD
PORTER AND OTHERS.
FRED APPL, RESPONDENT.[1]

February 18, 1944.

Nos. 33,637, 33,638.

*Tautges, Rerat & Welch,* for appellants.
*Freeman, King & Geer,* for Fred Appl, respondent.

[1]Reported in 13 N. W. (2d) 372.

YOUNGDAHL, JUSTICE.

Plaintiffs appeal from orders granting defendant Appl judgment notwithstanding verdicts for plaintiffs.

These actions for damages arose out of a collision between an automobile owned and driven by defendant Appl, in which plaintiff Helen Reiter was a passenger, and one owned and driven by defendant Porter, which at the time of the accident was being towed by defendant Hedford in a southerly direction along East River Road in Anoka county. Appl was proceeding in a northerly direction on the same highway. The collision occurred at approximately 7:45 p. m. on January 3, 1942. The majority of the witnesses agreed that the road in question is approximately 20 feet wide, accommodating two lanes of traffic, with a black-top or tarvia finish, but without a marked center line to separate the lanes. The weather was dry and cold and the road clean, with the exception of some snow packed down on the shoulders. At the precise location where the cars collided the highway is straight and level and without obstruction in either direction to interfere with observing oncoming traffic. The Porter car was attached to the Hedford car by a 15-foot rope fastened to the center of the Hedford back bumper and to the left front spring of the Porter car. All three cars here involved were being driven with city driving lights or "dimmers" on, and there is substantial agreement that the speed of the Appl and Hedford cars did not exceed 30 miles an hour.

It appears that Appl had met and passed Hedford when the collision with Porter occurred, resulting in serious personal injuries to plaintiff Helen Reiter. Damage to the left front fender and wheel of the Appl car and the left front portion of the Porter car indicated the points of impact. There was some slight damage to the grill and bumper of the Appl car, which appeared to be the result of concussion rather than direct contact. After the accident, the Appl car, facing in a northwesterly direction, came to rest slightly north of Porter's car, with its two rear wheels in the ditch on the east side of the highway and its front portion within its own traffic lane. The rope connecting the Porter and Hedford

cars had broken, and the Porter car rested at an angle with the front portion across the center of the road in a southeasterly direction. Fragments of broken glass and debris caused by the collision were strewn about on the east side of the highway.

Plaintiff Helen Reiter brought an action for personal injuries, and plaintiff George Reiter, her husband, brought an action for medical expenses and loss of consortium. The cases were consolidated for trial. At the close of plaintiffs' case the court granted defendant Hedford's motion for a directed verdict in his favor and denied a similar motion by defendant Appl. The jury returned a verdict in each case for the plaintiff against the defendants Porter and Appl. In the Helen Reiter case, defendant Porter was granted a new trial only on the question of the amount of damages. Defendant Appl moved in the alternative for judgment *non obstante* or a new trial in each case. The court granted the motions for judgment, and plaintiffs appeal from these orders.

Plaintiffs' only assignment of error is that the court erred in granting the motions of defendant Appl for judgment notwithstanding the verdicts.

■ Plaintiff Helen Reiter was not able to give any details of the accident. She stated that there was "a flash of lights, then a collision," and that is all she remembered. Defendant Hedford testified that Appl's car passed his without difficulty; and, although he said that the left front wheel of the Appl car was approximately at the center of the highway as it passed his car, he further stated that Appl was not on the wrong side of the road. Hyland, a passenger in the Porter car, simply stated that said car was following directly behind the Hedford car on its right half of the highway, and that all he observed of the accident was "just a flare of lights, then the crash." Porter testified that he was traveling on his side of the road and did not turn out to the left, but that Appl's car "suddenly appeared and hit me." He conceded that Appl had safely passed the Hedford car without contact, but claimed that the accident took place on his (Porter's) side of the road. On cross-examination, Porter admitted that he did not see the "relationship

that that [Appl's] car occupied to any portion of the highway." He was asked: "And you, therefore, would not know because of those facts whether it was on its own side of the road or not; is that correct?" He replied: "Well, that would be it, yes." In reply to the question whether his car had turned out, he said: "It didn't swing out, that I can recall." This was substantially all the testimony offered by plaintiffs in attempting to establish liability against Appl.

In refutation of this evidence, if any was needed, was the testimony of Appl, who said that he was driving on his own half of the road to the right of the center thereof, with a clearance of approximately two or three feet between the right side of his automobile and the shoulder and about the same distance between the left side of his car and the approximate center of the road. He further stated that as he was passing Hedford the Porter car suddenly turned across the center of the highway and collided with his automobile. In this testimony Appl was corroborated by Jorgensen, the only disinterested witness who saw the accident. Jorgensen said that he was traveling about 150 feet behind Appl; that Appl's car was on its own half of the road and about five or six feet from the Hedford car as these two cars passed each other; and that the Porter car then suddenly turned sharply to its left across the center of the road and came into contact with the Appl car.

Shortly after the accident Porter admitted to Sheriff Olson of Anoka county that his automobile was on the wrong side of the road, and to the witness Van Rickley, a guard employed by the Northern Pump Company, that Hedford's car slowed down, causing his car to swing out across the center of the road. The damage to the cars, their relative position immediately after the collision, and the location of the glass and debris on the east side of the road all corroborate Appl's version of what took place. A mark was identified on the tarvia as one caused by the Porter car, indicating that it had actually crossed the center of the road.

There is no claim by plaintiffs of excessive speed. In attempting to prove negligence against Appl, they rely principally on the

contention that he violated Minn. St. 1941, § 169.18, subd. 2 (Mason St. 1940 Supp. § 2720-183), which provides:

"Drivers of vehicles proceeding in opposite directions shall pass each other to the right, and upon roadways having width for not more than one line of traffic in each direction each driver shall give to the other at least one-half of the main traveled portion of the roadway, as nearly as possible."

We doubt whether the evidence adduced by plaintiffs against defendant Appl is sufficient to make out a *prima facie* case of negligence either under this statute or under the common-law theory of negligence. On the record before us, there can be no claim of negligence against Appl as to his conduct after he observed the lights of the Porter car. Only a split second elapsed between that time and the collision. There was no opportunity then to avoid an accident. Assuming, however, that plaintiffs' evidence, standing alone, was sufficient to justify the submission to the jury of the issue of negligence as to Appl, we find no difficulty in reaching the conclusion that the testimony overwhelmingly preponderates in his favor that the collision occurred as he described it. Under these circumstances the verdict cannot stand. If a party is entitled to a directed verdict at the trial, he is entitled to judgment *non obstante,* unless there is reasonable probability of the adverse party being able to make out a good cause of action or defense on another trial. 3 Dunnell, Dig. & Supp. § 5082. Defendant Appl properly protected his record by making a motion for a directed verdict at the close of the trial. If he was entitled to a directed verdict, judgment *non obstante* was properly granted. In Brulla v. Cassady, 206 Minn. 398, 404, 289 N. W. 404, 407, we quoted with approval the statement found in 6 Dunnell, Dig. & Supp. § 9764:

"* * * Though the evidence on the part of the plaintiff standing alone would justify submitting a case to the jury, yet the court should direct a verdict for the defendant if, upon all the evidence, it would be its manifest duty to set aside a verdict against him. In other words, the court should direct a verdict in favor of a party

in whose favor the evidence overwhelmingly preponderates, though there is some evidence in favor of the adverse party."

Under this section, note 35, the case of Giermann v. St. P. M. & M. Ry. Co. 42 Minn. 5, 43 N. W. 483, is cited in support of this statement. See also cases cited in notes *Id.* § 5082.

■ The authorities cited by plaintiffs in support of the proposition that physical facts do not necessarily demonstrate how an accident happened do not assist them here. It is true, as stated in Romann v. Bender, 190 Minn. 419, 424, 252 N. W. 80, 82, that "the law attaches to them [physical facts] no certain conclusion"; that "surprising results" sometimes occur from a collision; and that "after a collision the markings on the cars and on the road and the location of the cars are not sure proof of just how the accident happened, though they may be helpful to the jury." In that case, however, the court approved the rule that "undisputed physical facts may show that an accident could not have happened as a plaintiff claims and that he has no cause of action," citing Larsen v. N. P. Ry. Co. 175 Minn. 1, 220 N. W. 159; Karras v. G. N. Ry. Co. 167 Minn. 140, 208 N. W. 655; Larson v. Swift & Co. 116 Minn. 509, 134 N. W. 122. In the instant case, defendant Appl does not rely upon the physical facts alone. He offered overwhelming evidence, in addition to such facts, from which the conclusion is inescapable that Porter turned his automobile suddenly to the left across the center of the road and struck Appl's car. We therefore hold that the trial court correctly granted his motion for judgment *non obstante.*

Affirmed.