## WALTER GAVE v. PYROFAX GAS CORPORATION AND OTHERS.

143 N. W. (2d) 242.

May 27, 1966—No. 39,965.

*DeParcq & Anderson* and *Robert E. Anderson,* for appellant.

*Quinlivan, Quinlivan & Williams* and *O. C. Adamson II,* for respondents.

FRANK T. GALLAGHER, C.

Appeal from an order of the district court denying plaintiff's motion for a new trial.

Action was commenced by Walter Gave to recover damages for personal injuries and property damage arising out of an automobile accident. The accident occurred on Saturday, October 26, 1963, at about 11:20 a. m. on Highway No. 169 at a point 5½ miles south of Onamia, Minnesota.

The evidence, viewed in the light most favorable to the defendants, reveals the following facts: The Gave vehicle, a 1956 Ford automobile, was traveling south on Highway No. 169. Defendant Roy Emil Billmark, driving a 1957 Chevrolet truck owned by his employer, defendant Pyrofax Gas Corporation, was also traveling south on Highway No. 169 and about 60 to 75 feet behind the Gave vehicle. Both vehicles were proceeding at approximately 30 miles per hour.

Billmark testified that when the Gave vehicle decreased its speed to turn right into the driveway leading to the Gave farm he immediately applied his brakes but they did not respond. Oncoming traffic prevented any attempt to pass the Gave vehicle on the left and a ditch to the right of the highway made that alternative unattractive. The truck struck the Gave vehicle in the rear and pushed it into a shallow ditch near the driveway.

Two defenses to liability were asserted at trial. First, defendants contended that the accident was not caused by the negligence of defendant Billmark, but instead by a sudden and unexpected mechanical brake failure of the truck. In this connection, counsel for plaintiff moved for a directed verdict on the issue of defendants' negligence, contending that the evidence established as a matter of law that Billmark knew the brakes were faulty before he entered Highway No. 169 and therefore he was negligent as a matter of law in operating the truck in that condition. The trial court denied the motion saying that the evidence presented a

fact question as to whether Billmark knew or should have known that the brakes were inadequate.

The second defense raised was that Billmark's negligence, if any, could not have caused plaintiff's injuries because plaintiff was not an occupant of the Gave vehicle at the time of the accident. Defendants contended and presented evidence to show that plaintiff was not in the vehicle, but instead came running up the driveway from his farm after the accident had occurred.

It is in this connection that the testimony of Mrs. Ross, an eyewitness to the accident, becomes relevant. Mrs. Ross was driving north on Highway No. 169 and was approaching the Gave driveway at the time the accident happened. She stopped her car on the east shoulder of the highway to see if anyone had been hurt. From that point she watched the Gave vehicle and saw children getting out of it. She saw one of the Gave boys getting out of the driver's seat but did not see the plaintiff at all.

On cross-examination Mrs. Ross admitted that she did not actually see who had been driving the Gave vehicle before it had been hit. She indicated that her memory of the whole incident was not good.

On redirect, the following testimony was given:

"Q.   One question, Mrs. Ross. Immediately upon seeing what you have described to us, people getting out of the Gave car, what did you say to your daughter?

"Mr. Anderson:   I object to that as hearsay, your Honor.

"Mr. Quinlivan:   Your Honor, I think it is a part of the res gestae.

"The Court:   Overruled.

"Mr. Quinlivan:   Immediately after seeing what you have described to us, Mrs. Ross, people getting out of the Gave car, what did you say to your daughter?

"A.   Well, I says I don't know why they let that boy drive that car with all them little ones in it. That is what I said."

Plaintiff assigns as error the following:

"1.   The trial court erred in not granting plaintiff's motion for a directed verdict.

"2. The trial court erred in allowing the testimony of the witness Mrs. Ross to be considered a part of the res gestae rather than hearsay evidence."

There is sufficient evidence in the record to support a finding by the jury that the defendants are not liable because plaintiff was not present in the vehicle at the time of the accident. However, since the issue of defendant Billmark's negligence was submitted to the jury and since we cannot tell from its general verdict upon what basis it found for defendants, we will review plaintiff's claim that the evidence does not support a finding that Billmark was free from negligence. Namchek v. Tulley, 259 Minn. 469, 107 N. W. (2d) 856.

■ As we noted in Wimperis v. Satzinger, 273 Minn. 121, 140 N. W. (2d) 323, the mere happening of a rear-end collision, though it suggests negligence on the part of the striking driver, does not mean that there is negligence as a matter of law. The particular facts and circumstances of each case must govern.

The facts and circumstances here, viewed most favorably to defendants, show that the collision was caused by a brake failure. There is no evidence of the factors that usually exist in a rear-end collision, such as improper lookout, excessive speed, or failure to follow at a proper distance.

In Lee v. Zaske, 213 Minn. 244, 6 N. W. (2d) 793, the accident was also caused by a brake failure. In that case the defendant admitted in his testimony that he had known prior to the accident that the brakes did not work properly. We held that under those circumstances the emergency doctrine was not applicable because the defendant had caused his own situation of peril and the defendant was negligent as a matter of law because of his violation without excuse of the statute requiring the maintenance of adequate brakes.

The cases of Minder v. Peterson, 254 Minn. 82, 93 N. W. (2d) 699, and Trudeau v. Sina Contracting Co. 241 Minn. 79, 62 N. W. (2d) 492, also involved accidents caused by brake failures. In each of those cases we held that the question of defendant's negligence could not be resolved as a matter of law since there was evidence in each case that the defendant did not know of the brake defect prior to the accident. Thus, the

issue reduces itself to this: Does the evidence establish as a matter of law that Billmark knew or should have known that the brakes would not function properly at the time of the accident?

A comparison of the facts in this case with those in Minder v. Peterson, *supra,* is helpful to our inquiry. In that case a driver employee reported to defendant employer 5 days prior to the accident that he was having trouble with the brakes of a truck. The defendant employer, who was not a mechanic, inspected the brakes and put some brake fluid into the master cylinder. The brakes worked properly thereafter until the time of the accident. Based on this evidence, the court held that it could not be said as a matter of law that the driver knew or should have known that his brakes would not respond at the time of the accident.

It is our opinion that the same conclusion is required here. The evidence shows that on October 12, 1963, the Pyrofax truck was *driven* to the Anderson Garage at Onamia, Minnesota, for a "general tune-up and general brake repair." Before any repairs could be accomplished the truck was stolen from the garage and rolled over by a thief. On October 26, the day of this accident, Billmark went to the Anderson Garage where the truck had been returned to take it to Milaca for body work made necessary by the rolling. No work had been done to the brakes at that time. Before leaving the Anderson Garage, Billmark, in the presence of one of the garagemen, tested the brakes and found them to be working properly. After leaving the garage, Billmark was required to stop at least two times before entering Highway No. 169. He had no trouble with the brakes on either of these stops.

The most knowledge that can be attributed to Billmark under these facts is knowledge that the brakes on the truck might need some adjustment. Although the truck had been taken to the Anderson Garage for brake repair, the jury could have found that this was simply a routine periodic adjustment. There is no evidence of any prior brake failure or serious brake trouble which would require that Billmark, in exercise of due care, refrain from driving the truck on the highway.

We hold that the issue of defendants' negligence was properly submitted to the jury.

■ The hearsay statement elicited over objection from the witness

Mrs. Ross is not of the type usually involved in a hearsay problem since the out-of-court statement that she recited was her own and not a statement made to her by another. In this situation the reasons[1] generally urged for the exclusion of hearsay evidence have little weight. However, even if the statement is treated technically as hearsay, we hold that the statement was not inadmissible on that ground because it was a spontaneous statement uttered under stress of excitement and within an exception to the hearsay rule.[2]

It is noted that challenged statements may be objectionable as being without foundation. Before this statement was elicited, Mrs. Ross had admitted on cross-examination that she did not actually observe who was driving the Gave vehicle before it was hit. By doing so, she in effect disqualified herself from later giving her opinion that the Gave boy was driving, whether expressed by present testimony or by a statement made in the past. However, since no objection was made on this specific basis and since the challenged statement was merely cumulative of the testimony given by Mrs. Ross both prior to and after its admission, it is our opinion that its admission does not require a new trial.

Affirmed.

---

[1] McCormick, Evidence, § 224, lists as those reasons (a) that the statement was not made under oath; (b) that the trier of fact has no opportunity to observe the demeanor of the declarant; (c) that the witness might report the statement inaccurately; and (d) that the declarant was not subject to cross-examination at the time the statement was made.

[2] See, generally, McCormick, Evidence, §§ 272 to 274; 6 Wigmore, Evidence (3 ed.) §§ 1745 to 1755.