## OWEN BYMARK v. CHARLES R. ENGLERT.

### 168 N. W. (2d) 688.

June 6, 1969—No. 41545.

*Clifford F. Hansen,* for appellant.
*Coulter, Nelson & Sullivan* and *Lyle R. Frevert,* for respondent.

Heard before Knutson, C. J., and Murphy, Rogosheske, Sheran, and Peterson, JJ.

SHERAN, JUSTICE.

Appeal from a judgment of the Municipal Court of Hennepin County, and from an order denying plaintiff's motion for a new trial.

Because of our disposition of this appeal, the only material issue is whether the trial court properly directed a verdict in defendant's favor in a situation where he rear-ended a parked automobile but offered testimony by way of justification to the effect that the steering mechanism of his 1959 Mercury failed without warning when he attempted to steer around plaintiff's car.

One who runs into the rear end of a parked vehicle without reasonable excuse or justification is guilty of negligence as a matter of law.[1]

---

[1] See, Rehnke v. Jammes, 283 Minn. 431, 168 N. W. (2d) 494; Souden v. Johnson, 267 Minn. 151, 125 N. W. (2d) 742.

An unforeseeable mechanical failure which proximately causes a collision may be held to excuse what would otherwise clearly be the negligent operation of a motor vehicle.[2] But the trial court should not declare such justification proved as a matter of law where the evidence and the inferences to be drawn from it are susceptible of different interpretations.[3]

In our opinion, the evidence presented by the defendant in this case falls short of the prescribed standard. Defendant's postaccident statement was that he ran into the parked car because "his power steering failed." Wayne K. Cornell, called as a witness on behalf of defendant, testified that he examined the 1959 Mercury owned by defendant about 13 days after the accident occurred and made an inspection of the car's power-steering unit. He discovered that the "cylinder was locked and it had a blown or leaky seal." There was no "visible" damage to the external surfaces of the power-steering unit. Upon cross-examination, this testimony was developed:

"Q. * * * Then with respect to power steering, what was there about the particular mechanism that went wrong here?

"A. The main cross shaft underneath was locked so that you couldn't move the steering wheel whatsoever.

"Q. Now, do you know when that happened?

"A. No, I don't.

"Q. Could that have happened as a result of an impact?

"A. Possible, but I don't believe so.

"Q. It could have happened.

"A. Possible. I don't know."

While there are situations, such as those involving measurements and distances, where the uncontradicted testimony of an admittedly qualified expert is so demonstrably proved as to justify the direction of a verdict because of his testimony,[4] we do not think this to be such

---

[2] Gave v. Pyrofax Gas Corp. 274 Minn. 210, 143 N. W. (2d) 242.

[3] Trudeau v. Sina Contracting Co. Inc. 241 Minn. 79, 62 N. W. (2d) 492.

[4] See, Johnson v. Agerbeck, 247 Minn. 432, 77 N. W. (2d) 539; Moratzky v. Wirth, 74 Minn. 146, 76 N. W. 1032.

a case. We are left uncertain, for example, as to why the defect described by the expert would make manual operation of the steering mechanism impossible. The failure of defendant to produce the power-steering mechanism or account for its absence adequately [5] confirms our impression that the testimony of defendant as supported by his expert witness was not binding on the jury as a matter of law.

Reversed and new trial granted.

---

[5] See, Vorlicky v. Metropolitan Life Ins. Co. 206 Minn. 34, 40, 287 N. W. 109, 112. See, also, Fonda v. St. Paul City Ry. Co. 71 Minn. 438, 74 N. W. 166; Kmetz v. Johnson, 261 Minn. 395, 403, 113 N. W. (2d) 96, 101.