## PATRICIA A. TOMFORDE v. C. R. NEWMAN.

244 N. W. 2d 47.

June 25, 1976—No. 46010.

*O'Brien, Ehrick, Wolf, Deaner & Downing* and *R. V. Ehrick,* for appellant.

*Kendall Ellingson,* for respondent.

PER CURIAM.

Plaintiff, Patricia A. Tomforde, appeals from judgment for defendant, C. R. Newman, entered pursuant to the order of the district court and in accordance with a special jury verdict. On appeal she argues that the district court erred in not granting her motion for judgment notwithstanding the verdict and in instructing the jury as to defendant's theory of defense and the emergency rule. We affirm.

Plaintiff was injured when the vehicle in which she was a passenger, owned and driven by Steven Morrow, was struck from behind, while stopped for traffic, by a vehicle owned and driven by defendant. Defendant testified that he first observed the Morrow vehicle stopped approximately 50 feet in front of him while traveling 8 to 10 miles per hour. He stepped on the brake peddle, but his foot went to the floorboard without resistance. He pumped his brakes a second time without success and squarely struck the rear end of the Morrow vehicle. He admitted that he did not attempt to use his emergency brake or downshift from third gear to slow his speed. He claimed that after twice pumping the brakes he had no time to turn to avoid the collision.

Defendant's car was a 1951 Dodge which he had purchased approximately 3 years before the November 1971 accident for $80 after seeing it parked with a "For Sale" sign in its window. He stated that he had asked if the brakes were all right and if it started and stopped. He was told that it was a good starter. He testified that since he was not a mechanic, he had never looked at the brakes himself, but that he had had them adjusted once at a filling station to hold better. He could not remember which station or how long before the accident. He described the performance of the brakes as average. In the quarter mile between his home and the accident, he had stopped three times without trouble, including one stop at the bottom of a "32 percent-grade" hill.

The jury returned the following verdict:

"We the jury in the above entitled action find the following Special Verdict:

"Question No. 1: Just before and at the time of the accident was C. R. Newman negligent in the manner in which he operated and maintained his vehicle?

"Answer: No

"Question No. 2: If the answer to Question No. 1 is yes, was such negligence a direct cause of the accident?

"Answer: ——

"Question No. 3: What damages were suffered by Patricia A. Tomforde?

"$5,500"

Plaintiff argues that defendant was negligent as a matter of law in failing to have his automobile equipped with adequate brakes and failing to maintain and inspect the same. She also argues that defendant, in failing to take action to avoid the collision after his brakes failed, was negligent as a matter of law.

Minn. St. 169.67, subd. 1, provides as follows:

"Every motor vehicle, other than a motorcycle, when operated upon a highway, shall be equipped with brakes adequate to control the movement of and to stop and hold such vehicle, including two separate means of applying the brakes, each of which means shall be effective to apply the brakes to at least two wheels. If these two separate means of applying the brakes are connected in any way, they shall be so constructed that failure of any one part of the operating mechanism shall not leave the motor vehicle without brakes on at least two wheels."

Subdivision 5 of the same section provides in part:

"All brakes shall be maintained in good working order and shall be so adjusted as to operate as equally as practicable with respect to the wheels on opposite sides of the vehicle."

Minn. St. 169.96 provides in part:

"In all civil actions, a violation of any of the provisions of this chapter, by either or any of the parties to such action or actions shall not be negligence per se but shall be prima facie evidence of negligence only."

The prima facie case established by a violation would be sufficient to survive a motion for directed verdict at the close of plaintiff's case. However, once testimony is offered showing statutory or other reasonable excuse for the violation, the statute is no longer of effect. Holten v. Parker, 302 Minn. 167, 224 N. W. 2d

139 (1974); Simon v. Carroll, 241 Minn. 211, 62 N. W. 2d 822 (1954). Plaintiff argues that no reasonable excuse was shown as to rebut the statute.

The mere happening of a rear-end collision does not mean that there is negligence as a matter of law. Gave v. Pyrofax Gas Corp. 274 Minn. 210, 143 N. W. 2d 242 (1966); Wimperis v. Satzinger, 273 Minn. 121, 140 N. W. 2d 323 (1966). The particular facts and circumstances of each case govern. An unforeseen mechanical failure which proximately causes a collision may be held to excuse what would otherwise clearly be negligent operation. Bymark v. Englert, 283 Minn. 497, 168 N. W. 2d 688 (1969); Gave v. Pyrofax Gas Corp. *supra*. Where there is evidence that defendant did not know or should not have known that the brakes of his vehicle would not operate properly at the time of the accident, the question of his negligence cannot be resolved as a matter of law. Gave v. Pyrofax Gas Corp. *supra*; Minder v. Peterson, 254 Minn. 82, 93 N. W. 2d 699 (1958); Trudeau v. Sina Contracting Co. Inc. 241 Minn. 79, 62 N. W. 2d 492 (1954). This issue was properly submitted to the jury.

Plaintiff also alleges that defendant's efforts to avoid the collision once the brake failure was discovered were negligent as a matter of law. Defendant testified that his first thought was to retry the brakes and that after that failed he had no further time for avoidance action. The reasonableness of his actions was one additional factor in the jury's appraisal of his negligence.

Plaintiff contends that she is entitled to a new trial because of the trial court's errors in instruction. She argues that the emergency rule should not have been given because the emergency was created by defendant's failure to inspect and maintain his brakes. She also argues that the court's instruction was improper for stating that defendant's defense was the sudden and unexpected failure of his brakes.

The court's instruction on the emergency rule was in harmony with previous opinions of this court. The instruction clearly stated that the emergency rule only applied to an emergency

which arose through no negligence of the party confronted therewith. See, Emerson v. Eystad, 288 Minn. 401, 181 N. W. 2d 337 (1970); Trudeau v. Sina Contracting Co. Inc. *supra*. Plaintiff's argument on this point presupposes that defendant was negligent as a matter of law in the maintenance of his brakes. As discussed above, this was a question of fact properly submitted to the jury.

Plaintiff's final contention is that the district court erred in instructing the jury that it was defendant's claim that he was not negligent because the accident occurred as a result of a sudden and unexpected mechanical failure of his brakes. We are in agreement with the district court that the instruction as a whole advised the jury of the appropriate law.

Affirmed.