Wallace C. SABASKO, et al.,
Appellants,

v.

Cynthia A. FLETCHER, Respondent.

No. C2–84–784.

Court of Appeals of Minnesota.

Dec. 18, 1984.

Michael L. Weiner, DeParcq, Perl, Hunegs, Rudquist & Koenig, P.A., Minneapolis, for appellants.

William A. Crandall, Lasley, Gaughan, Stich & Angell, P.A., Minneapolis, for respondent.

Heard, considered and decided by WOZNIAK, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

LESLIE, Judge.

Plaintiffs Wallace Sabasko and his wife Shirley filed this negligence action after Wallace Sabasko suffered personal injuries when the car driven by defendant Cynthia Fletcher rear-ended his car. Defendant claimed that her brakes unexpectedly failed. The jury returned a special verdict finding defendant negligent for not having an operable emergency brake, but determining that her negligence was not the direct cause of the accident. It also found that defendant was not negligent in her driving conduct. The trial court denied plaintiffs' motion for amended findings and judgment N.O.V. or for a new trial, and this appeal followed. We affirm.

### FACTS

On February 11, 1977, the 17 year old defendant left her home in her mother's car to take her sister, brother, and friends to a roller rink. As she drove east at about 30 m.p.h. on Lake Street in South Minneapolis, approaching the East Calhoun Boulevard intersection, she attempted to slow down so that she could turn left onto the Boulevard. She put her foot on the brake pedal about 200 feet before she reached the intersection but found no brake pressure. Although unable to slow down she continued with her plan to turn left and moved into the left turn lane. Again she pressed down on the brake pedal but found no stopping power. She realized she was unable to stop between 20 and 50 feet short of the intersection and told her passengers to get down. Defendant's car collided with the rear end of plaintiff Wallace Sabasko's car which was waiting in the left turn lane at the intersection. Sabasko suffered personal injuries.

Evidence established that the car's emergency brake had been inoperable since defendant's mother, Eleanor Fletcher, purchased the car three years earlier. Defendant acknowledged that she knew the brake did not work before she drove the vehicle that evening. Defendant also testified that she did not attempt to stop the car with an emergency brake because she did not think of it.

After the trial the court gave the jury the emergency instruction, and a special verdict form separating different aspects of defendant's alleged negligence. The jury returned a verdict finding defendant not "negligent in the driving of the automobile" but "negligent in driving the vehicle without an operating hand brake." The jury, however, found that defendant's negligence did not directly cause the accident.

The trial court adopted the special verdict in its findings and ordered judgment for defendant.

## ISSUES

1. Did the evidence establish as a matter of law that defendant's negligent operation of a motor vehicle without an adequate emergency brake caused her rear-end collision with plaintiffs' car?

2. Is the jury's special verdict finding defendant's negligence did not cause a rear-end car collision manifestly against the weight of the evidence?

3. May a trial court separate defendant's alleged negligence into two separate categories and submit two separate special verdict interrogatories to the jury?

4. Did the trial court err by giving the jury the emergency instruction?

5. Did the trial court err by allowing a witness to testify on her statement following an accident when the testimony conformed to the limitations requested in plaintiffs' motion in limine?

6. Did the trial court abuse its discretion by excluding a driver's opinion testimony on what she would have done had the emergency brake been operable?

## ANALYSIS

### 1. Amended Findings

■ Plaintiffs claim the trial court erred by refusing to amend its findings to hold that defendant's negligence caused the collision. Plaintiffs also moved for judgment N.O.V. The basis for amending findings and for ordering judgment N.O.V. is the same: the decision should not be upset unless it is manifestly contrary to the evidence. *Flom v. Flom*, 291 N.W.2d 914, 917 (Minn.1980); *Orwick v. Belshan*, 304 Minn. 338, 343, 231 N.W.2d 90, 94 (1975). Another expression of that standard is that a verdict should stand unless reasonable people can come to only one conclusion, and that conclusion contradicts the jury's decision. *Reese v. Henke*, 277 Minn. 151, 155, 152 N.W.2d 63, 66 (1967).

■ We agree with plaintiffs that the evidence presents a strong case for liability. Unquestionably plaintiff Wallace Sabasko was not at fault. Nonetheless, defendant is not liable as a matter of law for damages caused when her primary brakes unexpectedly fail through no fault of her own. *Tomforde v. Newman*, 309 Minn. 254, 257, 244 N.W.2d 47, 49 (1976). Brake failure presents a prima facie case of negligence which can be rebutted by evidence of an excuse. *Id.;* Minn.Stat. §§ 169.67, subd. 1 and 169.96 (1976). Evidence that the brakes had worked until the time of the accident, and that the brakes had been recently examined is sufficient evidence to present a question of fact to the jury. *La-Beau v. Buchanan*, 306 Minn. 347, 351, 236 N.W.2d 789, 791 (1975). Since defendant presented such evidence we cannot overturn the jury's verdict on the basis that her negligence caused the primary brakes to fail.

■ Reasonable people could also come to more than one conclusion on whether defendant's negligent operation of the vehicle without an emergency brake caused the accident. The jury could have found that an operable emergency brake would have prevented the accident. It did not. The jury apparently concluded that had the emergency brake properly functioned defendant would have been unable to use the brake in time to avoid the accident. Defendant had only 4 seconds to attempt to use the primary brake, to discover it did not work, to react, and to apply the emergency brake. We cannot say the jury's conclusion is unreasonable. *Tomforde v. Newman*, 309 Minn. at 257, 244 N.W.2d at 49 (a motorist's repeated attempts to use malfunctioning primary brakes instead of taking other avoidance action was not negligence as a matter of law). Since this view of the evidence both breaks the causal chain between defendant's negligence and plaintiffs' damages, and supports the jury's conclusion that defendant's driving conduct was not negligent, the trial court properly denied the motions for amended findings and judgment N.O.V.

### 2. New Trial

Plaintiffs raise largely the same arguments they advanced for amended findings to claim that a new trial is justified because the verdict is contrary to the weight of the evidence. For the same reasons we uphold the trial court's denial of amended findings, we uphold the trial court's denial of a new trial.

Plaintiffs also claim numerous errors were committed at trial which entitle them to a new trial.

### 3. Separation of Aspects of Defendant's Alleged Negligence

The special verdict interrogatories asked the jury to determine both whether defendant negligently drove the car and whether defendant negligently drove the car without a functional emergency brake. The interrogatories also asked whether defendant's mother, Eleanor Fletcher, was negligent in failing to equip the car with an operable emergency brake. Plaintiffs claim separation of those aspects of defendant's negligence divided an indivisible concept and confused the jury. According to plaintiffs, defendant's conduct should have been considered in its entirety by the jury and separate from her mother's alleged negligence.

Under Minn.R.Civ.P. 49.01(1) trial courts have discretion to formulate and to use special verdicts. *Hill v. Okay Construction Co.*, 312 Minn. 324, 252 N.W.2d 107, 117–18 (1977). The purpose of special verdicts is in part to elicit the ultimate facts from the jury and to allow the court to draw the legal conclusions. *McCourtie v. United States Steel Corp.*, 253 Minn. 501, 516, 93 N.W.2d 552, 562 (1958). In contrast to a general verdict, a special verdict establishes the ultimate facts enabling both the trial court and an appellate court to review more precisely the basis for the jury's decision. *See Roske v. Ilykanyics*, 232 Minn. 383, 391–92, 45 N.W.2d 769, 775 (1951).

Here the separate questions concerning defendant's negligence do not appear confusing. Both are phrased simply and directly. Together the questions encompass all aspects of defendant's alleged negligence. Rather than confusing the jury, the separate question focused critical attention on defendant's actions and how those actions may have caused the collision. We cannot find the trial court abused its discretion. The submission of Eleanor Fletcher's negligence in failing to equip the car with an emergency brake also caused no confusion. The consistency in the answers to the interrogatories on both defendant's and Eleanor Fletcher's causal negligence indicates the jury was not confused.

### 4. The Emergency Instruction

Plaintiffs claim the trial court erred by using the emergency instruction. They claim that defendant's violation of Minn. Stat. § 169.67, subd. 1 created the emergency. That statute requires two brake application systems sufficient to control the movement of motor vehicles.

The emergency instruction is a specific application of general negligence principles which allows a jury to find a party's conduct reasonable even though the party did not choose the best or safest alternative in the face of an emergency. *Schiro v. Raymond*, 237 Minn. 271, 274–75, 54 N.W.2d 329, 332 (1952). It applies only when the emergency is not created by negligence of the party seeking to use it. *Mathews v. Mills*, 288 Minn. 16, 24–25, 178 N.W.2d 841, 846 (1970). The party who seeks its benefit has the burden of proving the existence of an emergency not caused by his negligence. *Trudeau v. Sina Contracting Company, Inc.*, 241 Minn. 79, 85, 62 N.W.2d 492, 497 (1954).

Plaintiffs rely on a recent decision of this court, *Nelson v. Henning*, 354 N.W.2d 35 (Minn.Ct.App.1984). In that case a truck driver attempted to use his emergency brakes after his primary brakes failed. The emergency brakes could not stop the truck because, as the driver knew, they

were designed only to be parking brakes. We held that it was error to give the emergency instruction to aid the driver who had more than enough time to stop the vehicle with an adequate emergency brake. Because the driver did attempt to use the emergency brake, there was no question his negligent failure to install an adequate emergency brake was a substantial cause of the accident.

■ Here a jury question existed whether defendant had time to use the emergency brake. Since the jury could find defendant did not have time to apply the brake, they could properly find defendant's negligent operation of the car without an emergency brake did not create the emergency. Accordingly the trial court properly gave the emergency instruction.

### 5. Testimony on Brake Failure

■ Plaintiffs contend that the trial court erred by allowing defendant to testify that she told Wallace Sabasko, immediately after the collision, that her brakes failed. This contention has no merit. Prior to trial plaintiffs made a motion in limine to prevent defendant from giving opinion testimony on the brake failure. Plaintiffs agreed, however, that she could testify about what she said to the passengers in her car and to Wallace Sabasko. The trial court granted that motion. Defendant's testimony did not exceed the limitations of plaintiffs' motion.

### 6. Limitation on Cross-Examination of Defendant

During plaintiffs' cross-examination of defendant the trial court sustained objections to the following question:

Q. And am I correct that you would have had time to use your emergency brake if it had been operable before hitting Mr. Sabasko's car?

The court also sustained an objection to this exchange:

Q. If an emergency brake had been operable on your vehicle, on the car you were driving that crashed into Mr. Sabasko's car, would you have

used that emergency brake to stop your car?

A. I don't know.

Q. Do you recall giving a different answer to that question in previous testimony?

A. No, I don't recall.

Q. Well, the question was asked, "Cynthia, if you had an operating emergency brake on the car, you certainly would have used that, wouldn't you."

■ The trial court ruled that both questions asked for speculative answers. Both questions also asked the witness to give her opinion assuming a fact not in evidence, a functioning emergency brake. Admission of lay opinion is governed by Minn.R.Evid. 701 which allows opinions

"(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue."

While this witness' opinion on her ability to apply the emergency brake may have met that standard, application of Rule 701 is within the trial court's discretion. Minn.R. Evid. 701, Committee Comment—1977. We cannot substitute our discretion for the trial court's discretion.

### DECISION

The trial court properly denied plaintiffs' motions for amended findings, judgment N.O.V., and for a new trial when the jury's verdict was supported by sufficient evidence and reasonable inferences. The trial court did not abuse its discretion when instructing the jury, or when excluding and admitting testimony.

Affirmed.